No. 48,656

CHARLES K. CODY, *Appellee,* v. JAYHAWK PIPELINE CORPORATION, *Appellee,* HARTFORD ACCIDENT & INDEMNITY COMPANY, *Appellee,* and WORKMEN'S COMPENSATION FUND, for the STATE OF KANSAS, *Appellant.*

(565 P.2d 264)

Opinion filed June 11, 1977.

*Harold K. Greenleaf, Jr.,* of Smith, Greenleaf & Brooks, of Liberal, argued the cause and was on the brief for the appellant.

*Kerry McQueen,* of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen, P.A., of Liberal, argued the cause and was on the brief for the appellees, Jayhawk Pipeline Corporation and Hartford Accident & Indemnity, Company.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by the Second Injury Fund (now workmen's compensation fund, see K.S.A. 1976 Supp. 44-566a) in a workmen's compensation case challenging an apportionment of the award attributing sixty percent of the claimant's twenty-five percent permanent partial disability to the Second Injury Fund pursuant to K.S.A. 44-567 (*a*) (2) (now K.S.A. 1976 Supp. 44-567 [*a*] [2]).

On August 30, 1973, the claimant, Charles K. Cody, suffered a back injury while working for Jayhawk Pipeline Corporation. As a result claimant received a fifteen percent permanent partial disability award.

Subsequently, Jayhawk re-employed claimant. On January 9, 1974, Jayhawk filed a Form 88, Notice of Handicapped Employees, showing claimant to be physically impaired because of a spinal deformity due to the laminectomy performed after the 1973 injury. Receipt of the form was acknowledged by the workmen's compensation director on January 19, 1974.

On October 2, 1974, claimant's back was re-injured during the course of his employment. It was stipulated that he had a twenty-five percent permanent partial disability after this injury.

The primary issue on appeal is the apportionment of the dis-

ability award between the insurance carrier and the Second Injury Fund. The hearing examiner found the insurance carrier failed to meet its burden of proof by not establishing that the injury would not have occurred but for claimant's pre-existing physical handicap caused by his previous injury. The examiner assessed the entire award against the insurance carrier and the director approved the decision. On appeal to the district court the award was approved except for its apportionment. The district court found that although the accident would have been sustained without regard to the previous injury, the medical evidence revealed that sixty percent of claimant's present disability was contributed to by his pre-existing impairment. On that basis the district court assessed sixty percent of the award against the Second Injury Fund and forty percent against the respondent and its insurance carrier.

Appeal to this court was duly perfected by the Second Injury Fund.

The issue is controlled by K.S.A. 44-567, which provides for Second Injury Fund coverage in two instances: (1) When the second injury would not have occurred "but for" the previous injury (See, *Scott v. Day and Zimmerman, Inc.,* 215 Kan. 782, 529 P. 2d 679; *Leiker v. Manor House, Inc.,* 203 Kan. 906, 457 P. 2d 107); and (2) when the first injury "contributed to" the overall disability found after the second injury (*Blevins v. Buildex, Inc.,* 219 Kan. 485, 548 P. 2d 765.).

The present case is not one where the injuries would not have occurred "but for" the pre-existing impairment. The medical evidence clearly reflected that the present injury would have happened irrespective of the existence of the previous injury, and the examiner and director were correct in that conclusion. This, however, is a "contributing to" case under K.S.A. 44-567 (a) (2). The issue thus becomes whether medical evidence established the extent, if any, to which claimant's pre-existing impairment contributed to his disability resulting from the second injury. (*Blevins v. Buildex, Inc.,* supra at 488.)

Dr. Kenneth Johnston examined and treated claimant for both injuries. On the occasion of the first injury he diagnosed claimant's injury as a back injury which required a laminectomy. Based on Dr. Johnston's report, the examiner entered an award in favor of claimant for fifteen percent permanent partial disability. After

the second injury the doctor again treated claimant. At the hearing on the second injury the doctor rated claimant as having a twenty-five percent disability. When asked whether the pre-existing injury contributed to the present disability in any way, the doctor testified that the fifteen percent injury contributed to the twenty-five percent disability.

Where there is substantial competent evidence to support the trial court's finding on a particular question in a workmen's compensation case, this court will not disturb that finding. (*Blevins v. Buildex, Inc.,* supra; *Day and Zimmerman, Inc. v. George,* 218 Kan. 189, 542 P. 2d 313; *Stanley v. A & A Iron Works,* 211 Kan. 510, 506 P. 2d 1120.) Moreover, in determining whether there is substantial competent evidence to support a finding, the record must be viewed in the light most favorable to the prevailing party below. (*Day and Zimmerman, Inc. v. George,* supra; *Rund v. Cessna Aircraft Co.,* 213 Kan. 812, 518 P. 2d 518.) The medical evidence in this case clearly supports the district court's apportionment.

The Second Injury Fund argues claimant is not entitled to coverage under the fund because: (1) The director was not properly notified that claimant was a handicapped person, and (2) claimant is not a handicapped person within the meaning of the Second Injury Fund. Neither contention is meritorious.

Jayhawk filed a "Notice of Handicapped Employees" form with the workmen's compensation director prior to the injury in question. It was stipulated that it was received by the director. The form used was the standard Form 88 as set forth in K.A.R. 51-1-22. It informed the director that claimant had general bodily disability because of a spinal deformity. This was adequate notice as to both the fact and nature of claimant's prior injury.

Claimant's prior injury is sufficient to find claimant is a handicapped person. The fact he has returned to his prior occupation and receives a wage equal to or greater than his wage before the injury is of no consequence. This court has often stated that the primary purpose of the workmen's compensation act is to compensate an injured workman for his physical injuries and it is irrelevant that an injured workman may actually earn a greater salary (*Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 558 P. 2d 146; *McGhee v. Sinclair Refining Co.,* 146 Kan. 653, 73 P. 2d 39).

The decision of the district court is affirmed.