(588 P.2d 482)

No. 49,527

WENDALL DESBIEN, *Appellee,* v. KEY MILLING COMPANY, INC., MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, *Appellants* and *Cross-Appellees,* and KANSAS WORKMEN'S COMPENSATION FUND, *Appellee* and *Cross-Appellant.*

Opinion filed January 5, 1979.

*David S. Knudson,* of King, Stokes, Knudson & Nitz, Chartered, of Salina, for appellants and cross-appellees.

*C. Stanley Nelson,* of Hampton, Royce, Engleman & Nelson, of Salina, for appellee and cross-appellant.

*Larry E. Bengtson* and *Richard F. Waters,* of Johnson, Bengtson, Waters & Thompson, Chartered, of Junction City, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: This is an appeal from a district court review of a workers' compensation award for a nonscheduled injury. Apportionment of responsibility for payment of the cost of the award was ordered. The parties do not earnestly challenge the underlying factual findings of the district court and we find them properly supported by the evidence. The issue before us is whether there was proper apportionment. We affirm the award but modify the apportionment.

When claimant, Wendall Desbien, became an employee of Key Milling Company, Inc., in September, 1971, he suffered from a

preexisting physical impairment, a functional disability, that was the result of a prior industrial injury. On October 24, 1975, Desbien sustained personal injury by accident arising out of and in the course of his employment. The award to Desbien was for payment of medical expenses and weekly benefits for temporary total disability. His functional disability following the second injury was 25%. His preexisting functional disability was 15%. Desbien's 25% functional disability rendered him temporarily 100% work disabled. There is no evidence to support a contention that the proportion of the claimant's disability following the second injury that is attributable to the first injury should be determined other than on these recited facts which are based upon medical evidence.

The district court ordered the Workmen's Compensation Fund to pay 15% of the cost of the award and the employer to pay 85% of the cost of the award. In other words, Desbien's preexisting functional disability percentage was held by the district court to be the proportion of the cost of the award attributable to the preexisting impairment. Since computation of the cost of the award is based upon the percentage of work disability resulting from the second injury, in this case 100%, the apportionment was the result of non-arithmetic comparison of functional disability and work disability. It would be equally logical under the district court's approach in this case to apportion to the employer responsibility for payment of 10% of the cost of the award and to the Workmen's Compensation Fund responsibility for payment of 90% of the cost of the award.

It is proper for the Workmen's Compensation Fund to pay a portion of the award. K.S.A. 1975 Supp. 44-567(*a*)(2) provides:

"Subject to the provisions of the workmen's compensation act, whenever a handicapped employee is injured or is disabled or dies as a result of an injury and the director finds that the injury probably or most likely would have been sustained or suffered without regard to the employee's preexisting physical or mental impairment but the resulting disability or death was contributed to by the preexisting impairment, the director shall determine in a manner which is equitable and reasonable and based upon medical evidence the amount of disability and proportion of the cost of award which is attributable to the employee's preexisting physical or mental impairment, and the amount so found shall be paid from the workmen's compensation fund."

From this we find: (1) the apportionment determination is to be made in an equitable and reasonable manner; (2) the apportion-

ment determination is to be based on medical evidence; (3) the determination to be made is the amount of resulting disability and proportion of the cost of the award attributable to the preexisting physical impairment.

While reference to functional disability and work disability may be confusing at times, our Supreme Court recently distinguished these terms as follows:

"The distinction between functional disability and work disability has been accepted by this court in most instances without explanation. Functional disability is the loss of a part of the total physiological capabilities of the human body. Work disability is that portion of the job requirements that a workman is unable to perform by reason of an injury." *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 195, 558 P.2d 146 (1976).

In determining work disability, the trier of fact looks for the extent of impairment to procure in the open market and to perform and retain work of the same type and character the worker was capable of performing before his injury. *Reichuber v. Cook Well Servicing,* 220 Kan. 93, 96, 551 P.2d 810 (1976).

Where the percentage of work disability exceeds the percentage of functional disability, computation of the award may be based on the percentage of work disability. *Davis v. Winchester Packing Co.,* 204 Kan. 215, 217-220, 460 P.2d 617 (1969); *Gray v. Beller,* 199 Kan. 284, 286-289, 428 P.2d 833 (1967); *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. at 196. Conversely, it recently has been held that computation of an award may be based on functional disability where the percentage of work disability is not proved, is less, or is none. *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. at 197. The fact that an employee has returned to his prior occupation after having sustained a compensable injury and receives a wage equal to or greater than his wage before the injury is of no consequence. *Cody v. Jayhawk Pipeline Corporation,* 222 Kan. 491, 565 P.2d 264 (1977).

The Workmen's Compensation Fund is designed to encourage the hiring of certain handicapped persons by relieving the employer in whole or in part from the payment of workers' compensation benefits in limited situations. *Blevins v. Buildex, Inc.,* 219 Kan. 485, 487, 548 P.2d 765 (1976). As a part of the implementation of this design, K.S.A. 1975 Supp. 44-567(*a*)(2) was enacted. It calls for equitable and reasonable apportionment of responsibility for payment of the cost of an award under its prescribed circumstances.

In *Cody v. Jayhawk Pipeline Corporation,* 222 Kan. 491, claimant was found to be 25% permanently partially disabled with 15%, or three-fifths, of the disability attributable to the first injury. 60% of the award was apportioned to the Fund. Although the apportionment made in *Cody* is in accord with the employer's contention in the case before us, the opinion is not controlling because the issue there was whether the medical evidence established the extent to which the claimant's preexisting impairment contributed to his disability resulting from the second injury. The Supreme Court found the medical evidence supported the apportionment.

In making its order of apportionment, the district court relied upon *Blevins v. Buildex, Inc.,* 219 Kan. 485. In *Blevins,* the reports and depositions of numerous physicians were presented and we are told it was generally agreed the employee was temporarily 100% work disabled; his functional disability following the second injury was in the range of 5% to 35%; and there was evidence that "an additional 5% not related to this injury but present in the form of the wear and tear changes" contributed to the second injury disability. The trial court apportioned to the Workmen's Compensation Fund responsibility for payment of 5% of the award. The "5% additional" statement appeared in a report of one of the rating physicians. The sole issue decided was whether the apportionment of responsibility for payment of 5% of the award by the Workmen's Compensation Fund was supported by medical evidence.

*Blevins* does not require the apportionment made in the case before us. Here we have percentage figures for three factors: (1) work disability resulting from the second injury; (2) functional disability that renders the employee work disabled as a result of the second injury; (3) functional disability resulting from prior injury that is a portion of the second injury functional disability. The percentage figure for a fourth factor, the portion of the second injury functional disability directly attributable to the second injury, is ascertainable by subtracting the third factor percentage from the second.

We conclude that the spirit and purpose of the statutory plan for participation of the Workmen's Compensation Fund in payment of benefits to employed handicapped persons usually requires that in determination of apportionment pursuant to K.S.A.

1975 Supp. 44-567(*a*)(2) there must be comparison of functional disability with functional disability or comparison of work disability with work disability but not comparison of functional disability with work disability. Accordingly, we hold that the Workmen's Compensation Fund should pay the proportion of the cost of the award that the preexisting functional disability, 15%, bears to the total second injury functional disability, 25%, that is to say, 60% of the cost of the award.

The Workmen's Compensation Fund has filed a cross-appeal and contends it should not be required to pay a proportion of that part of the award that represents medical expenses. Whatever may have been the legislative reasoning, K.S.A. 1975 Supp. 44-567(*a*)(2) authorizes and directs apportionment of "the cost of award." We are bound by the plain language of the statute.

The award to the claimant is sustained. The decision of the trial court apportioning responsibility for payment of the award is reversed. The case is remanded to the district court and it is directed to enter an order for payment of 60% of the cost of the award by the Workmen's Compensation Fund and for payment of 40% of the cost of the award by the respondent or its insurance carrier. The judgment of the district court is affirmed as to the cross-appeal.