(673 P.2d 465)
No. 55,487

RICKY DUANE FOGLE, *Appellant,* v. SEDGWICK COUNTY, KANSAS, *Appellee.*

Opinion filed December 29, 1983.

*Artie E. Vaughn,* of Vaughn & Updegraff, of Wichita, for appellant.

*E. L. Lee Kinch,* of Ratner, Mattox, Ratner, Barnes & Kinch, P.A., of Wichita, for appellee.

Before REES, P.J., MEYER, J., and RICHARD W. WAHL, District Judge Assigned.

REES, J.: Plaintiff appeals from a workers' compensation award for permanent partial disability under the scheduled injury section of our Workmen's Compensation Act (K.S.A. 44-510d). He claims entitlement to permanent partial general disability compensation under K.S.A. 44-510e(*a*).

Plaintiff, a Sedgwick County fireman, was injured in a fall while fighting a fire on January 13, 1979. His injury, that is, the damage to the physical structure of his body (K.S.A. 44-508[*e*]), is a damaged eighth cervical or first thoracic nerve root. That damage is at the nerve's exit from plaintiff's upper spine. Following a period of temporary total loss of use (K.S.A. 44-510d[*a*]), the physical and symptomatic manifestation of his injury is wholly limited to partial loss of use of his left arm.

In *Boyd v. Barton Transfer & Storage,* 2 Kan. App. 2d 425, 426-27, 580 P.2d 1366, *rev. denied* 225 Kan. 843 (1978), and *Crabtree v. Beech Aircraft Corp.,* 5 Kan. App. 2d 440, 446, 618 P.2d 849 (1980) (dissent), it is said the primary purpose of workers' compensation benefits is partial replacement of actual or potential wage loss. More directly, it is said in *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 196, 558 P.2d 146 (1976), that recovery for loss of earning power is a basic purpose of our Workmen's Compensation Act (K.S.A. 44-501 *et seq.*). Clearly, recovery of traditional compensatory damages for phys-

ical injury is neither the nor a purpose of the Act. This is partially but well demonstrated by the fact that compensation for permanent total, temporary total and permanent partial general disabilities is for loss of wage earning capacity, and compensation for temporary partial general disability is for actual wage loss. *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 444-445, 625 P.2d 453 (1981); *Crabtree v. Beech Aircraft Corp.*, 5 Kan. App. 2d at 445-46.

By the language of K.S.A. 44-501, the employer has no liability for a worker's injury by accident arising out of and in the course of employment other than payment of compensation as directed by the Act. The worker's entitlement to recovery against his employer is identically circumscribed.

The Act provides for the payment of compensation for permanent partial loss of use of enumerated body members, one of which is the arm. K.S.A. 44-510d (13), (21). This is compensation for a so-called "scheduled injury." Compensation under K.S.A. 44-510d is for functional disability. *Gross v. Herb Lungren Chevrolet, Inc.*, 220 Kan. 585, 552 P.2d 1360 (1976); *Razo v. Erman Corp.*, 4 Kan. App. 2d 473, 474, 608 P.2d 1025, *rev'd on other grounds* 228 Kan. 491, 618 P.2d 1161 (1980). Functional disability is the loss of physiological capability. It is to be contrasted to work disability which is loss of ability to perform job requirements. *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. at 195; *Desbien v. Key Milling Co.*, 3 Kan. App. 2d 43, 45, 588 P.2d 482 (1979).

The provision for payment of permanent partial general disability compensation is found in K.S.A. 44-510e. It says the extent of permanent partial general disability is the extent to which the worker's ability to engage in work of the same type and character that he was performing at the time of his injury has been reduced. Permanent partial general disability is work disability.

Plaintiff argues that because he has damage to the physical structure of his body at a situs other than his arm, he is entitled to compensation for permanent partial general disability. Thus, in the case before us, the question is whether workers' compensation for permanent partial general disability is recoverable where partial loss of use of the arm is the sole manifestation of injury to the body at a situs other than the arm. We hold it is not.

Although plaintiff has permanent partial damage to his nervous system at a situs other than within the enumeration of K.S.A. 44-510d(*a*)(1) through (20), compensation is not recoverable for that damage to his body. Again, compensation is recoverable by plaintiff only as provided by the Act. He is indisputably entitled to compensation for loss of use of his arm. The possibility of his entitlement to general disability compensation is excluded by the language of both K.S.A. 44-510d(*b*) which states:

"*Whenever the employee is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation* except the benefits provided in K.S.A. 44-510 [medical compensation] . . . and no additional compensation shall be allowable or payable for either temporary or permanent disability . . . ." (Emphasis added.)

and K.S.A. 44-510e(*a*) which states:

"Should the employer and the employee be unable to agree upon the amount of compensation to be paid in the case of injury *not covered by the schedule in K.S.A. 44-510d* . . . the amount of compensation shall be settled according to the provisions of the workmen's compensation act as in other cases of disagreement: *Provided,* That in case of temporary or permanent partial general disability *not covered by such schedule,* the workman shall receive weekly compensation as determined in this subsection . . . . Permanent partial general disability exists when the workman is disabled in a manner which is partial in character and permanent in quality *and which is not covered by the schedule in K.S.A. 44-510d* . . . ." (Emphasis added.)

Simply put, permanent partial general disability compensation is not payable for work disability wholly resultant from functional disability for which compensation is payable under the scheduled injury section of the Act. *Gross v. Herb Lungren Chevrolet, Inc.,* 220 Kan. at 585. It follows that the situs of physical injury, that is, damage to the body, which manifests itself solely as functional disability of a body member enumerated in the scheduled injury section of the Act is immaterial in ascertaining recoverable compensation.

We find no controlling Kansas case authority on the question presented for our decision herein. *Stanley v. United Iron Works Co.,* 160 Kan. 243, 160 P.2d 708 (1945), cited to us by both parties, is an almost wholly distinguishable opinion. To the extent it is analogous, there is no conflict with our decision. The foreign cases proffered by plaintiff in support of his position are all distinguishable. There is foreign authority supporting our

conclusion. Representative thereof is this succinct statement in *Arnott v. Industrial Commission*, 103 Ariz. 182, 185, 438 P.2d 419 (1968):

"The question we have before us is: If A suffers an injury to his arm, and has a residual disability of 1-percent loss of use of that arm, while B suffers an injury to his back, and, as a result, has a residual disability of 1-percent loss of use of his arm, must we treat A's case as a scheduled arm injury and B's case as an unscheduled back injury? Our answer to that is an emphatic 'No,' so long as we have—as here—a finding of fact that no other disability is involved."

Affirmed.