No. 58,986

Rozellia Bryant, *Appellee*, v. Excel Corporation, Self Insured, *Appellant.*

(722 P.2d 579)

Opinion filed July 18, 1986.

*Stephen M. Kerwick,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Frederick L. Haag,* of the same firm, was with him on the brief for appellant.

*Kelly W. Johnston,* of Johnston & Johnston, P.A., of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Miller, J.: This is a workers' compensation action. Respondent Excel Corporation appeals from the judgment entered against it and in favor of the claimant, Rozellia Bryant, by the District Court of Sedgwick County. The sole issue is whether the trial court erred in awarding judgment to the claimant for a permanent partial general bodily disability under K.S.A. 44-510e, rather than for a scheduled injury under K.S.A. 44-510d.

The facts are not in dispute. On May 26, 1982, claimant was injured while working for the respondent. She was trimming meat and her knife slipped, cutting her left arm near the crease of her elbow. As the examining physician phrased it, she suffered a laceration to her left upper arm with brachial artery injury. She was taken immediately to the hospital where the stab wound and damage to the artery were treated. On January 6, 1984, she had surgery on the left elbow. She had developed scar tissue which flattened and trapped the median nerve in the elbow area. The surgery released the nerve. At the same time the elbow surgery was performed, a similar surgical release was performed on the left wrist for a carpal tunnel condition. The entrapment and pressure on the median nerve caused the claimant to experience pain and numbness in her left arm and shooting pains going up into her armpit and left shoulder. This pain prevents her from full left shoulder motion. She has permanent restrictions regard-

ing the work duties that she can perform: she cannot do heavy work with her left arm, cannot do repetitive motions, must avoid exposure to extreme cold, and cannot lift over twenty-five pounds.

The administrative law judge awarded judgment to the claimant based on a 95% permanent partial general bodily disability. Respondent applied for a review by the workers' compensation director and the director affirmed the decision of the administrative law judge. Respondent then appealed to the district court, which held that the shoulder joint is not covered as a scheduled injury under K.S.A. 44-510d and thus the award was proper. The court adopted the findings of fact of the administrative law judge and adopted the conclusions of law of the administrative law judge and the director. It is from that judgment that respondent appeals.

The claimant suffered a wound to the elbow area no higher than the lower part of her left upper arm. There was no direct injury or tissue damage to her shoulder. The shoulder pain is a referred pain, caused by the nerve involvement in the left elbow. As one of the physicians testified, there is no pathology in claimant's left shoulder that is related to the occupational injury; however, the pain she experiences in her armpit and left shoulder "is referred pain from her entrapment neuropathy at the elbow and wrist, and referred pain means that it goes some place other than where the disease process is." She complains of pain in her shoulder when she uses her arm, and the pain impairs her ability to use that shoulder. The condition is permanent.

K.S.A. 44-510d contains the schedule for compensation for certain permanent partial disabilities. Included in that schedule are loss of, or loss of use of, certain body members including the arms. Shoulders, however, are not mentioned. K.S.A. 44-510e covers compensation for permanent partial general disabilities, and thus covers those not included in the 44-510d schedule. If a worker sustains only an injury which is listed in the -510d schedule, he or she cannot receive compensation for a permanent partial general disability under -510e. If, however, the injury is both to a scheduled member and to a nonscheduled portion of the body, compensation should be awarded under -510e.

The administrative law judge, the director, and the district

court all found that claimant's ability to use her shoulder was impaired and that the impairment was caused by the elbow wound. Respondent does not dispute these findings, but argues that claimant may not receive compensation outside the -510d schedule since the injury is to the arm and thus is a scheduled injury; the pain in the armpit and the shoulder is merely a referred pain which is transmitted from a scheduled injury. Respondent argues that the pain referred from the scheduled injury does not create a right in claimant to come under the provisions of -510e, since the injury is to a scheduled member.

In support of its argument, respondent relies upon *Riggan v. Coleman Co.*, 166 Kan. 234, 200 P.2d 271 (1948). Riggan, while working for the Coleman Company, sustained injury to his right hand which was caught in a heavy stamping machine and severely crushed. The commissioner rendered an award for 119 compensable weeks for total (nonscheduled) disability and, in addition, 210 weeks for total loss of use of his right arm (a scheduled injury). The district court approved that award and the employer and insurance carrier appealed. We approved the award for 210 weeks compensation as the scheduled award for loss of the right arm, but disapproved the award of 119 weeks temporary total disability, reducing that to 15 weeks for the actual healing period. Justice (later Chief Justice) Parker, writing for a unanimous court, said:

"Heretofore we have indicated the record sustains a finding of permanent loss of the use of appellee's right arm which, by statutory provision (G. S. 1947 Supp. 44-510 [3] [c] [19]), is equivalent to its loss. Since appellee's further disability is conceded we are not interested in its extent but in its cause. The only evidence on that subject is to be found in the testimony of appellee's own medical expert, Doctor Kiser. Summarized, this testimony was that the extreme pain in appellee's shoulder, neck and head, resulting in his severe headaches and additional incapacity, was referred there from the injured member of his body and caused by a condition known as causalgia which is a very common accompaniment of severe injury where there is either nerve or blood vessel injury to an extremity.

"At this point it should be repeated the foregoing testimony stands alone and added that nowhere in the record is there any evidence to the effect that either appellee's shoulder, neck or head were directly injured or affected by the stamping machine responsible for the accident or that the referred pain causing his additional temporary total disability was distinct and apart from the disability for which he was awarded compensation as a scheduled injury.

. . . .

"Faced by an undisputed situation such as we have heretofore described and an express legislative fiat directing that no additional compensation shall be

allowable for either temporary or permanent disability where a workman is entitled to compensation for a scheduled injury we believe there can be but one answer. That is that the trial court, having found the appellee had suffered the loss of the use of an arm, did not have power to allow appellee additional compensation for temporary incapacity in excess of the fifteen-weeks healing period authorized by the statute and to which we hold he was entitled under the uncontroverted evidence. This is not a case where, as in decisions relied on by appellee in support of its position (*i.e., Fernandez v. Edgar Zinc Co.*, 138 Kan. 735, 27 P.2d 239; *Morris v. Garden City Co.*, 144 Kan. 790, 62 P.2d 920) the accident in question caused two separate and distinct injuries each of which resulted in disability but is one where the real source or cause of his inability to work during the entire period of time for which he was awarded compensation for temporary total disability was the referral of pain from his injured arm to his shoulder, neck and head." 166 Kan. at 235-38.

Cases decided subsequent to *Riggan* have followed its rationale. In the case of *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, 547 P.2d 751 (1976), we reviewed many of the cases arising since *Riggan* in which it was contended that, following a primary scheduled injury, a new and distinct injury arose, which new and distinct injury was held to be compensable. In *Chinn*, claimant sustained an injury to his knee and ultimately underwent knee surgery, hospitalization, and physical therapy. As a direct result of his knee injury, he had a limp which altered his walking gait. The resultant posture changes caused low back pain, which was caused by a combination of referred pain from the knee, and by the change in posture and walking gait. The examiner found that the primary injury was to the left knee and as a direct result of that condition his back was injured, distinct and apart from the knee, and he had a compensable permanent partial disability to the body as a whole. We affirmed. However, we said:

"In the case at bar the fact finders, based on the medical evidence, found that appellee's back condition had reached the point where it was disabling as a new and distinct injury apart from the scheduled knee injury. All were able to relate the back condition to the knee injury and to trace it as a direct and natural result. We cannot see sufficient factual difference here from the situations in the four cited cases to make their rulings inapplicable. In all there was evidence of a second, distinct and disabling injury directly traceable to the accident through the primary scheduled injury. *This situation is to be distinguished from an additional incapacity following a scheduled injury which results only from causalgia or referred pain.*" (Emphasis supplied.) 219 Kan. at 201.

The administrative law judge, the workers' compensation director, and the district court judge, while recognizing *Riggan*, *Chinn*, and related decisions, all based their decisions on the

rule set out in our recent case of *Fogle v. Sedgwick County*, 235 Kan. 386, 680 P.2d 287 (1984), in which we adopted the opinion of the Court of Appeals set forth in 9 Kan. App. 2d 129, 673 P.2d 465 (1983). Fogle was injured when he fell and landed on an air bottle that was strapped to his back. The situs of the injury was to a spinal nerve, which resulted in permanent disability to his left arm. His direct injury was damage to the eighth cervical or first thoracic nerve root. The physical and symptomatic manifestation of his injury was wholly limited to the partial loss of use of his left arm. The claimant sought compensation for permanent partial general disability to the body as a whole, contending that the injury was to a spinal nerve in his back, not a scheduled member. The administrative law judge granted compensation based upon loss of use of the arm, a scheduled injury, and that award was affirmed by the district court, the Court of Appeals, and this court on the basis that "[i]t is the situs of the resulting disability, not the situs of the trauma, which determines the workers' compensation benefits available in this state." 235 Kan. at 386.

Respondent argues that it is improper to base the decision in this case on the *Fogle* rule because the statement quoted above is dicta, and the present case is factually distinguishable from *Fogle*. The rule adopted is not, however, dicta. It states the criteria upon which the issue in *Fogle* was decided. A nerve root in Fogle's back was injured. He sustained no back disability; instead, the disability manifested itself in his arm and thus it was proper to grant him compensation based upon K.S.A. 44-510d for a scheduled disability.

In the case now before us, the injury to the nerve was in the arm. It manifested itself by disability not only in the arm but in the shoulder. We do not find the cases factually distinguishable. As the administrative law judge points out, the facts in this case are the reverse of those in *Fogle*.

We hold that the rule applied in *Fogle* controls the award in this case. The resulting disability in the shoulder and not the situs of the trauma in the arm determines which benefits are available. Plaintiff is thus entitled to recover for an unscheduled injury, pursuant to K.S.A. 44-510e. Insofar as our decision in *Riggan* conflicts with our holding in *Fogle*, our opinion in *Riggan v. Coleman Co.*, 166 Kan. 234, is overruled.

The judgment is affirmed.