No. 48,065

GALE REESE, *Appellee,* v. GAS ENGINEERING AND CONSTRUCTION COMPANY and HOME INSURANCE COMPANY, *Appellants.*

(548 P. 2d 746)

Opinion filed April 10, 1976.

*Ken W. Strobel,* of Williams, Larson, Voss, Strobel & Estes, of Dodge City, argued the cause and was on the brief for the appellants.

*Richard E. Samson,* of Concannon and Samson, of Hugoton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is the second chapter of a workman's compensation case. The first chapter was reported in *Reese v. Gas Engineering & Construction Co.,* 216 Kan. 542, 532 P. 2d 1044. The primary issue in the first case was whether claimant should be limited to an award for a scheduled disability (partial loss of use of his left leg) under K. S. A. 44-510d or whether he might be entitled to an award

for general bodily disability arising from his injury which, as a natural consequence, affected his back in addition to his left leg.

In *Reese* we held:

"There is no distinction between physical and psychological injuries for the purpose of determining whether a workman's disability from an injury is compensable.

"Compensation is allowable for disability from a second and distinct injury to a workman where it can be traced to a covered accident through a primary injury.

"The fact that the primary injury is scheduled does not bar compensation for general bodily disability where a new, distinct, and disabling injury is a direct and natural result of the primary injury." (Syl. ¶¶ 1, 2, and 3.)

We remanded this case to the district court to determine from the evidence before it whether there was general bodily disability affecting an additional part of the body (his back) as a direct and natural result of the injury to his left leg or whether disability was limited to that inherent in the loss of use of his left leg.

Scheduled disabilities may not be pyramided into a general bodily disability (*Neuhaus v. Hope Engineering Co.,* 132 Kan. 72, 294 Pac. 655) and an award for a scheduled disability cannot be added to a general bodily disability inherent in the loss of the scheduled member (*Rogers v. Board of Public Utilities,* 158 Kan. 693, 149 P. 2d 632).

It should be here noted there is confusion in terminology apparent in our cases, which confusion arose from the wording in the statutes. For instance in K. S. A. 44-510d *disability* from loss of use of a scheduled member of the body is referred to in the final paragraph of the statute as a "specific injury under the foregoing schedule." As a result thereof the term "scheduled injury" appears in many of our cases when disability for loss of use of a scheduled member of the body would be more descriptive. As used in this opinion the word "injury" will be limited to the objective physical damage to the body suffered at the time of the accident giving rise to the claim for compensation. The word "disability" will be used with reference to the resulting physical and psychological limitations which are a direct and natural consequence of the objective physical damage received.

In many of our prior decisions we have referred to the objective physical damage to the body suffered at the time of the accident as the "primary injury" and to resultant physical and psychological disabilities which flow from the primary injury as new and distinct

injuries. Here we will refer to the latter as new and distinct disabilities.

The claimant was a pipeline welder. His work required him to squat and kneel when welding pipe. He was required to jump across ditches and to walk fairly long distances in the field. On the day of his injury in 1971, he was working under a large pipe supported by scaffolding. The scaffolding gave way and the pipe fell on his left knee, causing a compound fracture of both bones of the lower left leg. *No other portion of his body was injured.* He was hospitalized and underwent surgery. Thereafter he was discharged from the hospital and some months later developed pain in his back and shin splints in his other leg. This combination of disabilities prevented him from doing his previous work, and he now works only as an inspector of welding with a substantial decrease in pay.

There was medical testimony from which the trial court could have found that the general bodily disability suffered arose solely by reason of the resulting limitations arising from the loss of use of claimant's left leg, a scheduled member.

When a workman's injury results in objective physical damage to a member of his body which is included in the schedule under K. S. A. 44-510d and general bodily disability arises solely by reason of the resulting physical limitations inherent in the loss of use of that scheduled member the workman is limited to the compensation provided for the loss of use of the scheduled member. (See *Brannum v. Spring Lakes Country Club, Inc.*, 207 Kan. 321, 485 P. 2d 226; *Crouse v. Wallace Manufacturing Co.*, 207 Kan. 826, 486 P. 2d 1335; and *Peterson v. Hill Packing Co.*, 178 Kan. 697, 290 P. 2d 822.)

However, there was medical testimony from which the trial court could have found another part of the body (his back) was affected as a direct and natural consequence of the injury to the scheduled member and resulted in a general bodily disability.

When a workman's injury results in objective physical damage to a member of his body which is included in the schedule under K. S. A. 44-510d such injury may not preclude compensation for general bodily disability if an unscheduled part of his body also becomes disabled as a direct and natural consequence of the physical damage to the scheduled member. (See *Jackson v. Stevens Well Service*, 208 Kan. 637, 493 P. 2d 264; *Berger v. Hahner, Foreman & Cale, Inc.*, 211 Kan. 541, 506 P. 2d 1175; *Bergemann v. North*

*Central Foundry, Inc.*, 215 Kan. 685, 527 P. 2d 1044; and *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, 547 P. 2d 751. )

On remand of this case the district court made the following findings:

"1. The Court finds that the claimant suffered a scheduled injury to his left leg while in the employment of the respondent and while covered by the Workmen's Compensation Act, all as set out in the Examiner's award herein.

"2. That as a result of the injury to his left leg the claimant has developed a strain in the lumbar area of his back and also pain in his right leg. That this lumbar strain and the pain in his right leg are not the result of any fresh injury and are not new injuries in the true sense of the word but are merely side effects resulting from the injury to the left leg. That said side effects do cause additional pain to the claimant and do cause additional disability.

"3. That if the claimant's general bodily function is determined by considering both the scheduled injury to the left leg and the resulting side effects of lumbar strain and pain in the right leg then he has suffered a 40% permanent partial general bodily disability."

The court said:

"The Court concludes that the law to be applied to this case is that set out in the Supreme Court decision made herein. When this law is applied to the facts as determined by the Court the claimant is entitled to receive a rating of 40% permanent partial general bodily disability. Since the original scheduled injury has caused side effects to other uninjured portions of the body and such side effects have caused additional disability, the statutory restrictions limiting compensation for scheduled injuries no longer apply."

The respondent and insurance carrier take strenuous issue with the above findings and the conclusion of the district court which have the effect of raising its previous award of $5,600 for 50% permanent partial disability to the left leg to the present award of $20,440 for 40% permanent partial disability to the body as a whole. The appellants have designated four separate points on appeal which are so interwoven they can be treated and disposed of as one point. If the evidence and findings of the district court support a conclusion that the claimant suffered a 40% permanent partial general bodily disability the judgment must be affirmed.

In reviewing the findings of the district court in a workman's compensation case, this court is concerned only with evidence which supports the findings adopted below and does not consider evidence unfavorable thereto. If the record when viewed in the light most favorable to the party prevailing below contains substantial competent evidence to support the district court's findings

such findings are conclusive and will not be disturbed on review. (*Deines v. Greer*, 216 Kan. 548, 532 P. 2d 1257; *Buck v. Beech Aircraft Corporation*, 215 Kan. 157, 523 P. 2d 697.)

Because of the limitation imposed by K. S. A. 44-510d, which states "whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation . . .", some of our cases indicate that if the injury is limited to a scheduled member of the body the award must also be limited to that provided for such scheduled disability. (See *Cornell v. Cities Service Gas Co.*, 138 Kan. 607, 27 P. 2d 228.) To be compensable as a general bodily disability some of our cases further indicate that some showing, however slight, of physical trauma to a nonscheduled portion of the anatomy is necessary. (See *Riggan v. Coleman Co.*, 166 Kan. 234, 200 P. 2d 271; and *Bowman v. Bushman Construction Co.*, 183 Kan. 671, 331 P. 2d 883.)

These prior indications are no longer valid bases for determining awards as pointed out in our latest case of *Chinn v. Gay & Taylor, Inc.*, supra. See *Chinn* for a summary of our more recent cases on this point. The *Cornell* case was disapproved in *Bergemann v. North Central Foundry, Inc.*, supra, p. 689, as being "too broad for general application." The facts of our present case are on all fours with the facts of the *Chinn* case.

The appellants rely heavily on the *Cornell* case and have filed an exhaustive and well prepared brief in favor of the position formerly taken by the minority members of this court set forth in the dissenting opinions in *Berger v. Hahner, Foreman & Cale, Inc.*, supra; *Bergemann v. North Central Foundry, Inc.*, supra; and *Reese v. Gas Engineering & Construction Co.*, supra. Since the author of these dissenting opinions now stands alone in this position by reason of the retirement of Mr. Justice John F. Fontron, he now yields to the force of *stare decisis* and joins the majority in this unanimous opinion.

There was medical testimony in the present case from Dr. M. F. Frederick that as a result of the initial injury and surgery the claimant had a weakness to the left leg with atrophy of the muscles in the left thigh; that x-rays revealed a defect in the mid-portion of the proximal end of the tibia and some osteoporosis of the thigh part of the bone, of the tibia particularly; that osteoporosis was a demineralization of the bone; that it was detected by the x-ray; that it was not a common occurrence in a fracture situation after

that length of time; that it was a result of a deficiency of the circulation to the bone that was damaged and that it was a condition which was related to the accident. He thought it perfectly logical that the lumbar strain was a direct connection to the accident; that the claimant has a 40% general bodily disability. That the claimant would suffer loss of motion, have other effects from the arthritis as a result of the accident.

The claimant testified as to the pain in his back which resulted in further bodily disability. When the medical evidence is considered along with the testimony of the claimant the evidence is sufficient to support the findings and conclusion of the district court. An unscheduled member of claimant's body (the back) was disabled as a direct and natural consequence of the physical damage to the scheduled member (left leg).

When an injury under the workmen's compensation act is shown to have arisen out of the course of employment every natural consequence that flows from the injury, including a distinct disability in another part of the body, is compensable if it is a direct and natural result of the injury. (*Bergemann v. North Central Foundry, Inc.*, supra.)

Compensation is allowable for a new and distinct disability suffered by a workman when it can be traced to a covered accident through the injury. The fact that the injury is scheduled does not bar compensation for general bodily disability when the new and distinct disability occurs in a nonscheduled part of the body and is a direct and natural result of the injury. (*Berger v. Hahner, Foreman & Cale, Inc.*, supra.) The existence, nature and extent of the disability of an injured workman is a question of fact. Medical testimony is not essential to the establishment of these facts and it is not necessary that a workman's disability be given a medical name or label. (*Chinn v. Gay & Taylor, Inc.*, supra.)

The district court in making the award for 40% permanent partial general bodily disability followed the rules of law laid down in our previous opinion remanding the case. Under the evidence and findings of the district court on remand the claimant was not limited to an award for loss of use of a scheduled member. The alternative award for general bodily disability suggested by this court as possible under the facts of the case was proper and the judgment is affirmed.