(770 P.2d 843)

No. 62,627

GEORGE W. DUNCAN, *Appellant*, v. CITY OF OSAGE CITY, KANSAS FEDERATED INSURANCE COMPANY, and KANSAS WORKERS' COMPENSATION FUND, *Appellees*.

Petition for review denied June 6, 1989.

Opinion filed March 24, 1989.

*Dan L. Wulz*, of Bryan, Lykins, Hejtmanek & Wulz, P.A., of Topeka, for the appellant.

*John A. Bausch*, of Ascough, Bausch, Eschmann, P.A., of Topeka, for appellees City of Osage City and Kansas Federated Insurance Company.

*Michael J. Unrein*, of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, for appellee Kansas Workers' Compensation Fund.

Before GERNON, P.J., ELLIOTT and LEWIS, JJ.

LEWIS, J.: This is an appeal by the claimant in a workers' compensation action from a judgment denying his claim for permanent total disability.

Two issues are raised on this appeal. Claimant argues that the trial judge erred in treating the injury to his leg as a scheduled injury only and further argues that he was entitled to an award of permanent partial disability as a result of the effects of his required use of the drug Coumadin, which was necessary to treat a condition caused by a work-related injury.

We turn to the first issue raised by claimant, that is, whether the injuries sustained by claimant to his right leg were such that he should have been entitled to an award of permanent total disability. The facts indicate that the claimant was employed by the City of Osage City as a water works and general service operator, and that on December 9, 1980, he injured his right leg when he slipped and fell while on the job for the City. As a result of this injury, his right leg swelled up and a physician determined that there was a blood clot in the leg. Claimant was off work for about one month and was placed on medication with a drug known as Coumadin, a blood thinner. On January 2, 1982, claimant, while still working for Osage City, once again slipped and bumped his right leg, which again swelled up and another blood clot was diagnosed. On this occasion claimant was off work for a couple of weeks, was again placed on Coumadin, and has been taking that drug continuously since that time. The claimant continued to work for Osage City until September 1, 1986, when he retired.

The record indicates that, as a result of the injuries to his right leg, the claimant suffers from thrombophlebitis, and postphlebitic syndrome. As a result of this condition, claimant is required to take Coumadin on a continuous basis for the rest of his life. Claimant must undergo regular tests to regulate the proper dosage of Coumadin. Claimant testified that he is in constant pain from his right leg and has a problem with continuous walking and prolonged standing. Claimant testified that he could not continue to perform his work because of the pain in his right leg. He retired at the age of 62 because of his inability to complete his work, but indicates that he had intended to work

until he had reached the age of 65, had he been physically able to do so.

The administrative law judge made rather extensive findings and entered an award on behalf of claimant for temporary total disability and for the scheduled permanent loss of use of his right leg. Claimant applied for review by the director of workers' compensation, who affirmed the award. Claimant appealed. The trial court affirmed the workers' compensation director.

The claimant argues that the trial court erred in considering the injury to his leg only as a scheduled injury pursuant to K.S.A. 1988 Supp. 44-510d, insisting that the injury to his leg rendered him unable to work and resulted in permanent total disability under K.S.A. 1988 Supp. 44-510c(a).

The scope of review by this court in workers' compensation cases is limited by statute to questions of law. K.S.A. 1988 Supp. 44-556(a). The question of whether a district court's judgment is supported by substantial evidence is one of law and if there is substantial evidence to support those findings, this court is bound by such findings. *Carr v. Unit No. 8169*, 237 Kan. 660, 664-65, 703 P.2d 751 (1985); *Crow v. City of Wichita*, 222 Kan. 322, 332, 566 P.2d 1 (1977).

After hearing the testimony and considering all matters in the record, the administrative law judge entered extensive findings of fact, which were adopted in their entirety by the trial court. Among them was a finding that claimant's disabilities and restrictions were caused by injuries to his right leg, which caused claimant to suffer constant pain and swelling in that leg and led to his retirement in 1986. We have reviewed the record and these findings are supported by substantial competent evidence and are binding on this court. There were no findings and there is no evidence in the record to suggest that any other part of claimant's body was functionally disabled by the injury to his right leg. In short, the findings and the evidence reflect an injury to the right leg only and disability caused only by the pain and swelling in that right leg.

Under the facts of this case we agree that claimant was not entitled to an award of permanent total disability even though the injury to his right leg resulted in his forced retirement. Under the law and facts of this case, the claimant was limited to a scheduled injury award for the loss of use of his right leg.

K.S.A. 1988 Supp. 44-510d deals with compensation for certain scheduled disabilities, including a loss of use of a lower leg. The legislature, in enacting 44-510d, made it perfectly clear that this statute is the exclusive remedy for compensation to a scheduled member of the body, as follows:

"(b) Whenever the employee is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in K.S.A. 44-510 [medical compensation] and amendments thereto, and no additional compensation shall be allowable or payable for either temporary or permanent disability."

If the trial court was correct in determining that 44-510d governs, then clearly the claimant is limited to whatever compensation is allowed by that statute for the loss of use of his right leg. We believe that this case is controlled by the case of *Reese v. Gas Engineering & Construction Co.*, 219 Kan. 536, 538, 548 P.2d 746 (1976). In that case, the Kansas Supreme Court stated the controlling law as follows:

"When a workman's injury results in objective physical damage to a member of his body which is included in the schedule under K.S.A. 44-510d and general bodily disability arises solely by reason of the resulting physical limitations inherent in the loss of use of that scheduled member the workman is limited to the compensation provided for loss of use of the scheduled member."

See *Gross v. Herb Lungren Chevrolet, Inc.*, 220 Kan. 585, 552 P.2d 1360 (1976); *Fogle v. Sedgwick County*, 9 Kan. App. 2d 129, 673 P.2d 465 (1983), *aff'd* 235 Kan. 386, 680 P.2d 287 (1984).

The claimant argues that since he was rendered unable to work by the injury to his right leg, he was entitled to permanent total disability. The claimant's problem is that the evidence shows that his pain and disabilities arise solely by reason of the pain and swelling in his right leg; no other part of his body has been functionally disabled. Under the law set forth in *Reese*, the claimant is entitled to only what the schedule provides for the loss of use of that leg.

The *Reese* case sets forth the circumstances under which a scheduled injury may lead to a finding of general bodily disability in Syl. ¶ 2 as follows:

"[W]hen a workman's injury results in objective physical damage to a member of his body which is included in the schedule under K.S.A. 44-510d such injury may not preclude compensation for general bodily disability if an unscheduled part of his body also becomes disabled as a direct and natural consequence of the physical damage to the scheduled member."

Under *Reese*, in order for claimant to be entitled to a finding of general bodily disability, it was incumbent upon him to prove that, as a result of his leg injury, he suffered functional disability to an unscheduled part of his body. We have reviewed the record in this case, and the trial court's finding that claimant's injury and disability were caused solely by injury to his right leg is amply supported by the evidence. Since the claimant failed to show that an unscheduled part of his body had been injured or disabled as a result of the injury to his right leg, it follows that he is not entitled to a finding of general bodily disability, but is limited to the scheduled injury award granted to him by the court below.

The claimant next contends that he has been rendered permanently partially disabled by his use of the drug Coumadin. The record clearly shows without real dispute that, as a result of his injuries, claimant will be required to take Coumadin for the rest of his life. Coumadin is commonly used in rat poison and is very difficult to regulate. The drug has the effect of causing its users, including claimant, to bruise and bleed more easily. The claimant contends that Coumadin renders him subject to bruising and bleeding more easily than the average individual, and, as a result, he is permanently partially disabled by the use of that drug and is entitled to such an award.

This issue is clearly an issue of fact, and on appeal our review is limited to determining whether there is substantial competent evidence to support the findings of the trial court. *Harris v. Cessna Aircraft Co.*, 9 Kan. App. 2d 334, 678 P.2d 178 (1984). We have reviewed the record in this case and conclude that the decision of the trial court, that the use of the drug Coumadin did not disable claimant, is supported by substantial competent evidence.

Moreover, the administrative law judge, in a finding adopted by the district court, found essentially that claimant had failed to sustain his burden of proof on this issue as follows:

"Although there is evidence that claimant will have to take Coumadin, a blood thinner, for the rest of his life, and that this medicine will create a predisposition to claimant's susceptibility to bruising and bleeding in the future, there is no evidence that this creates any particular general bodily disability, either functionally or work related."

Since the claimant had the burden of proof on this issue, a

finding that he introduced no evidence to show a general bodily disability is a negative finding indicating that he failed to sustain his burden of proof on this issue.

Our scope of review on appeal of a negative finding is to the effect that such a finding will not be disturbed absent proof of an arbitrary disregard of undisputed evidence, or some extrinsic circumstance such as bias, passion, or prejudice. *Lostutter v. Estate of Larkin,* 235 Kan. 154, Syl. ¶ 1, 679 P.2d 181 (1984).

We have reviewed the record in this case and find none of the aforementioned factors present. The record supports the trial court's findings that claimant failed to sustain his burden of proof on the issue of whether the taking of Coumadin resulted in a general bodily disability.

Affirmed.