Geneva LAHUE, Appellant,

v.

MISSOURI STATE TREASURER,
Custodian, Second Injury
Fund, Respondent.

No. WD 44497.

Missouri Court of Appeals,
Western District.

Oct. 22, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 26, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Terence Connaughton, John B. Boyd, Jerry Kenter, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Jeff A. Taylor, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

Geneva Lahue in the course of her employment by Sunshine Biscuit Company in Kansas City, Kansas, received an injury to her right ankle on May 6, 1985. As she was undergoing whirlpool therapy for the ankle injury on May 15, 1985, in Kansas City, Missouri, she fell off the chair upon which she was sitting and injured her right hip and low back. She was adjudged in a Kansas Workers Compensation proceeding to be 100 per cent "work disabled" and therefore 100 per cent permanently partially disabled as a result of the injuries to her ankle and to her hip and low back.

She filed a claim for additional compensation from the Missouri Second Injury Fund. This claim was denied by Administrative Law Judge of the Division of Workers' Compensation and upon appeal by the Labor and Industrial Relations Commission.

It comes to us on appeal from the Commission.

The question on this appeal is whether claimant's fall from the chair as she was undergoing whirlpool physical therapy was a "subsequent compensable injury" after a "previous disability" caused by the ankle injury, within the meaning of section 287.-220.1 RSMo, 1986. If so, claimant is entitled to additional compensation in the amount of $1750 from the Missouri Second Injury Fund.

We affirm the award of the Commission.

The ankle injury sustained while at work and the hip and low back injury sustained nine days later while receiving treatment for the ankle injury constituted a single injury in the workers compensation vocabulary. By the application of this principle claimant was found to be 100 per cent

"work disabled", and was awarded 100 percent permanent partial disability in Kansas. Citing *Reece v. Gas Engineering and Construction Company,* 219 Kan. 536, 548 P.2d 746 (1976), the Kansas Administrative Law Judge wrote:

> The law is well settled, that where a claimant sustains an injury arising out of and in the course of her employment, every natural consequence that flows from the injury, including a distinct disability in another area of the body is compensable as a direct and natural result of the primary or original injury.

■ The same rule is recognized in Missouri. Injuries sustained during authorized medical treatment of a prior compensable injury are the natural and probable consequence of the compensable injury and the employer is liable for all resulting disability. *See Manley v. American Packing Co.,* 363 Mo. 744, 253 S.W.2d 165 (1952); *Wilson v. Emery Bird Thayer Co.,* 403 S.W.2d 953 (Mo.App.1966); *Wilson v. Metropolitan Life Ins. Co.,* 448 S.W.2d 295 (Mo.App.1969); 1 K. Larson, Workers' Compensation Law § 13.11 (Rev.1990).

■ The fall from the chair was a part of the same injury as the ankle injury, and was therefore not a "subsequent injury" added to a "previous disability." In order to be a "subsequent injury," entitling the victim to compensation from the Missouri Second Injury Fund, the fall from the chair must have been shown to be a separate and distinct injury from the ankle injury. This was not the case.

■ Claimant's case, furthermore, does not fit the second injury fund philosophy. Section 287.220, the Second Injury Fund statute, contemplates a disparity between the degree of disability resulting from the present injury combined with the previously existing disability, on the one hand; and on the other hand the present injury considered by itself, as if there had been no previous disability. The employer is liable only for the present injury considered by itself, as if there had been no previously existing disability—although the injured employee is entitled to workers compensation on the basis of the combined disabilities. *See Anderson v. Emerson Elec. Co.,* 698 S.W.2d 574 (Mo.App.1985). The disparity between the compensation to which the employee is entitled, and the compensation for which the employer is liable, is made up by the Second Injury Fund. The theory is that an employer, without the Second Injury Fund law, would be less likely to employ people with a previously existing disability, because a given injury would result in greater disability to such a person than the same injury to a whole person. In the present case, there was no such disparity for claimant was entitled to, and received from her employer, compensation for the combined disabilities.

■ Claimant then complains of the Commission's failure to issue an opinion in connection with its affirmance of the Division's decision denying second injury fund benefits to claimant. The Commission's award was a succinct finding that the administrative law judge's award of no compensation was supported by competent and substantial evidence, and was made in accordance with the Missouri Workers' Compensation Act. The incisive but more detailed findings, opinion and award of the administrative law judge were attached to the Commission's award, and were expressly made a part of the Commission's award. This procedure was entirely in compliance with section 286.090.1.

Claimant says she was denied due process of law in being denied her request to file a brief and to be heard in oral argument upon review by the Commission. The record does not show that her request was denied, so we do not review this point.

Judgment affirmed.