(924 P.2d 657)

No. 74,667

In the Matter of the Estate of IRENE MURDOCK.

Opinion filed October 11, 1996.

*Paul R. Shepherd*, of Shepherd & Giefer, of WaKeeney, for appellant.

No appearance by appellee.

Before LEWIS, P.J., GERNON, J., and WAHL, S.J.

GERNON, J.: Fort Hays State University Endowment Association (Trustee), as the trustee of the Leslie and Irene Murdock Educational Scholarship Fund (Murdock Fund), appeals from a district court ruling which denied its amended application to release certain trust restrictions pursuant to K.S.A. 58-3607.

Irene Murdock died in 1970. Under one of the provisions of her will, she provided for the creation of the Murdock Fund, with Fort Hays University Endowment Association appointed as Trustee. The trust agreement requires the trust assets to be invested in time deposits in Ness County banks or in Kansas municipal bonds. The trust further provides that the Trustee is to award a scholarship to

students from Bazine, Utica, Ransom, and Ness City high schools on a rotating annual basis. The amount of the scholarship awarded to an individual student is limited to $2,000 per year. If the trust income exceeds that amount, additional students are to be awarded scholarships. The trust further provides that children of school board members are prohibited from receiving any trust funds and that the Trustee is to charge no fee for its services but is entitled to recover reasonable expenses for managing the trust.

In 1992, the Trustee applied for a release from the investment restrictions, the rotating scholarship schedule, and the prohibition against awarding scholarships to family members of school board members. The district court denied the application on the grounds that the Trustee had failed to establish that the trust purpose was frustrated, and the Trustee subsequently appealed.

In *In re Estate of Murdock*, 20 Kan. App. 2d 170, 174, 884 P.2d 749 (1994), this court held that a restriction in a trust of the nature of the Murdock Fund may be released upon a finding that the restriction on the use or investment of the fund is obsolete, inappropriate, or impractical, referring to the language in K.S.A. 58-3607.

After the filing of the appellate decision in *In re Estate of Murdock*, 20 Kan. App. 2d 170, the Trustee filed a motion with the district court seeking relief from the judgment and the opportunity to present evidence to properly consider the merits of the application.

After hearing the evidence, the district court noted that the trust had been operating for over 20 years and that several legitimate reasons existed for restrictions, namely: (1) The investment restriction requiring the trust funds to be in certificates of deposit in Ness County banks indicates an intent for the fund to benefit Ness County residents; (2) the respective schools have relied on the rotating scholarship provision since the trust was created, and a release would be inappropriate at this time; (3) the ineligibility of children of school board members as potential scholarship recipients reduces any concern about conflicts of interest; and (4) the trust adequately provides for the recovery of the reasonable expenses the Trustee incurs while managing the fund. The district

court concluded that the restrictions were not obsolete, inappropriate, or impracticable and denied the amended application. The Trustee appeals from this ruling.

The Trustee argues the district court erred in failing to find that the trust restrictions were "obsolete, inappropriate or impracticable." The Trustee contends the trust's investment restriction should be released to maximize the return on the investment and to safeguard the trust income through diversification. It further points out that the release of the annual rotation scheme would permit the fund's income to be divided equally among the four Ness County schools and make scholarship dollars available to all Ness County graduates each year. The Trustee also maintains that removing the provision preventing children of school board members from becoming scholarship recipients would provide fairness to the students and stop qualified people from resigning from the school board so their children could apply for the scholarship. Finally, the Trustee claims that the restriction preventing it from charging an administrative fee should be released because it cannot continue to absorb the administrative costs associated with the fund.

The district court's finding is, in essence, a negative finding. A negative finding means the party with the burden of proof failed to meet that burden. *Mohr v. State Bank of Stanley*, 244 Kan. 555, 567-68, 770 P.2d 466 (1989).

An appellate court will not disturb such a finding "absent proof of an arbitrary disregard of undisputed evidence, or some extrinsic circumstance such as bias, passion, or prejudice." *Duncan v. City of Osage City*, 13 Kan. App. 2d 364, 369, 770 P.2d 843, *rev. denied* 245 Kan. 783 (1989). " 'An appellate court cannot nullify a trial judge's disbelief of evidence nor can it determine the persuasiveness of evidence which the trial judge may have believed.' " *Mohr v. State Bank of Stanley*, 244 Kan. at 568 (quoting *Highland Lumber Co., Inc. v. Knudson*, 219 Kan. 366, Syl. ¶ 5, 548 P.2d 719 [1976]).

K.S.A. 58-3607 provides in part:

"(a) A restriction on the use or investment of an institutional fund imposed by the applicable gift instrument may be released, entirely or in part, by the governing board with the written consent of the donor.

"(b) If consent of the donor cannot be obtained by reason of the death, disability or unavailability, or impossibility of identification of the donor, upon application of the governing board, a restriction on the use or investment of an institutional fund imposed by the applicable gift instrument may be released, entirely or in part, by order of the district court after reasonable notice to the attorney general and an opportunity for him or her to be heard, and upon a finding that the restriction on the use or investment of the fund is obsolete, inappropriate or impracticable. A release under this subsection may not change an endowment fund to a fund which is not an endowment fund."

It is well settled that "[w]hen construing a statute, a court should give words in common usage their natural and ordinary meaning." *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992).

Obsolete is commonly defined as being "no longer in use or practice; discarded." Webster's New World Dictionary 936 (3d college ed. 1988). Inappropriate is defined as "not appropriate; not suitable, fitting, or proper." Webster's New World Dictionary 681 (3d college ed. 1988). Impracticable means "not capable of being carried out in practice." Webster's New World Dictionary 678 (3d college ed. 1988). Thus, a restriction on the use or investment of institutional funds imposed by a charitable trust may be released pursuant to K.S.A. 58-3607(b) if the district court finds that the restriction is either (1) no longer being used, (2) improper, or (3) incapable of being carried out in practice.

We conclude that the evidence provided by the Trustee is insufficient to establish the obsolescence, inappropriateness, or impracticality of the restrictions challenged.

There was no evidence before the trial court that the time deposits or investments in Kansas municipal bonds are obsolete or inappropriate investments for a scholarship trust fund. Such investments are clearly not impractical, since they are a current medium of investment.

The Trustee also failed to establish that the annual rotating scholarship schedule should be released or relaxed. The rotating scholarship schedule is designed to insure that every school district

receives the entire income for its respective year; the school district can then distribute whatever amount it deems appropriate as scholarships for the students. The rotating schedule for awarding scholarships to students desiring higher education is not an obsolete, inappropriate, or impractical restriction on a scholarship fund. We further conclude that the restriction preventing families of school board members from applying for scholarships avoids any potential issue concerning conflicts of interest or any suggestion of favoritism to school board members and is an entirely appropriate restriction.

Furthermore, the Trustee presented no evidence establishing that the restriction preventing the Trustee from charging a fee for managing the trust fell within one of the definitions which might require the court to consider relief. The trust provision clearly allows the Trustee to recover reasonable expenses it incurs while managing the funds.

Finally, the Trustee refers to the differences between the Murdock Fund and the Rebecca Dubbs Memorial Fund, on which the Murdock Fund was to be modeled. However, the Trustee concedes that it is not seeking to reform the trust agreement to reflect the donor's intent but is, instead, seeking a release of the restrictions within the trust.

We note that the trust has been operating for over 20 years, successfully providing scholarships for students, without complaint from anyone until the inception of these challenges to the provisions of the trust. The record before us contains nothing which would require a change in the way the trust is handled at the present time.

Affirmed.