**Joseph L. WELLS, et al., Plaintiffs-Appellants,**

v.

**Beverly NOLDON, et al., Defendants-Respondents.**

No. 47391.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 16, 1984.

James M. Asher, Clayton, for plaintiffs-appellants.

Kenneth M. Romines, Clayton, for defendants-respondents.

FRANK CONLEY, Special Judge.

This appeal arises from the City of Kinloch municipal election on April 5, 1983. On April 6, 1983, plaintiffs-appellants, the Mayor of Kinloch and four city alderpersons, filed a verified petition to contest the election. The St. Louis County Board of Election Commissioners and five named individuals (respondents) were named defendants. The petition included as exhibits, in support of averments made, a notice of eight affidavits alleging the irregularity of voting of certain absentee ballots. The individually named respondents answered basically denying the averments. The Respondent Board of Election Commissioners (the Board) filed a Motion to Dismiss on the grounds that: (1) appellants failed to state a cause of action; (2) the court was without subject matter jurisdiction; and (3) the court was without personal jurisdiction over the Board.

On April 19, 1983, the Circuit Court granted appellants leave to file an amended petition within ten days. The order stated that the failure to file an amended petition would result in sustaining the Board's motion, but if filed within the prescribed time, the Board's motion would be deemed overruled.

On April 25, 1983, appellants filed a "First Amended Petition to Contest an Election." This petition deviated from the original in that: (1) there was no verification clause; (2) certain voting figures had been changed; and (3) the original eight affidavits were incorporated by reference.

On May 2, 1983, the Board filed its answer to appellant's first amended petition raising, *inter alia*, failure to state a cause of action.

On May 10, 1983, the Circuit Court dismissed appellant's petition on the grounds that: (1) a verified petition had not been filed as required by § 115.577, RSMo 1978; (2) appellants failed to produce sufficient evidence as to the invalidity of a sufficient number of absentee votes to place the election in doubt. This appeal followed. We affirm on other grounds.

On appeal, the parties address several issues raised by the May 10 Order of Dismissal. These issues need not be decided. Because the original petition was prematurely filed, the court lacked subject matter jurisdiction. The only power the court had was to dismiss the petition and all subsequent proceedings are void. Section 115.-577, RSMo 1978 provides in pertinent part that a verified petition may be filed to contest an election "[n]ot later than thirty days *after the official announcement of the election result.*" (emphasis added). At the time of the April 6 filing, the Board had not yet certified the election result as is required by § 115.497, RSMo 1978.

The right to contest an election did not exist at common law. Thus, the statutes governing election contests are a code unto themselves and one seeking relief under such provisions must come strictly within their terms. *State ex rel. Wilson*

*v. Hart,* 583 S.W.2d 550, 551 (Mo.App. 1979); *State ex rel Bushmeyer v. Cahill,* 575 S.W.2d 229, 232 (Mo.App.1978); *Barks v. Turnbeau,* 573 S.W.2d 677, 680 (Mo.App. 1978); *State v. Consolidated School Dist. No. 4 of Iron County,* 417 S.W.2d 657, 659 (Mo.1967). The jurisdiction of the Circuit Court is defined by the statutory provisions and the letter of the law is the limit of its power. *State ex rel. Wilson v. Hart, supra; State ex rel. Bonzon v. Weinstein,* 514 S.W.2d 357, 362 (Mo.App.1974).

Section 115.577 RSMo 1978 requires, as a condition precedent to filing a petition, that the election authority have made the official announcement of the election result. Section 115.497, RSMo 1978 requires that "[a]s soon as practicable after each election, the election authority shall convene a verification board to verify the count *and* certify the results of the election." (emphasis added) Section 115.507 provides that the verification board "shall issue a Statement announcing the results...*and* shall certify the returns..." (Emphasis added) In *Noonan v. Walsh,* 273 S.W.2d 195, 364 Mo. 1169 (1954), though dealing with an earlier statute, *see* § 124.250, RSMo 1949, the Supreme Court held the provision's requirement that votes be officially counted before an election could be contested meant that the election result in question was determined and declared, including the official count of the vote, on the day the Board of Election Commissioners certified the results. 273 S.W.2d at 198. In the case at bar, the original petition was filed prior to the certification of the election results. Consequently, appellants failed to comply with the statutory condition precedent of filing their petition after the official announcement of the results.

■■■ This condition precedent for contesting an election is analogous to the minimum residency required to confer subject matter jurisdiction on a court under the marital dissolution statutes. Residency for the prescribed time is jurisdictional. *Scotton v. Scotton,* 359 S.W.2d 501, 507 (Mo.

App.1962); *Gomez v. Gomez,* 336 S.W.2d 656, 658 (Mo.1960); *Grant v. Grant,* 324 S.W.2d 382, 386 (Mo.App.1959); *State ex rel Stoffey v. LaDriere,* 273 S.W.2d 776, 781 (Mo.App.1954); *Barth v. Barth,* 189 S.W.2d 451, 454 (Mo.App.1945). Failure to meet the residency requirement confers no jurisdiction on the court. Any petition filed must be dismissed and any judgment rendered must be reversed. *Phelps v. Phelps,* 241 Mo.App. 1202, 246 S.W.2d 838, 841-2 (1952); *Gooding v. Gooding,* 239 Mo.App. 1000, 197 S.W.2d 984, 986 (1946); *Barth v. Barth, supra,* at 455.

■■■ The Circuit Court was without jurisdiction to hear this case. Lack of subject matter may be raised at any time during the proceedings. Rule 55.27(g)(3); *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72 (Mo. banc 1982); *Parmer v. ·Bean,* 636 S.W.2d 691, 695 (Mo.App.1982); *Randles v. Schaffner,* 485 S.W.2d 1, 2 (Mo.1972). The only power a court without subject matter jurisdiction possesses is the power to dismiss the action. Rule 55.27(g)(3); *Gaslight Real Estate Corp. v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820 (Mo.App.1980). Any actions or proceedings of a court without subject matter jurisdiction are null and void. *Parmer v. Bean, supra,* at 694; *State v. Armstrong,* 605 S.W.2d 526, 529 (Mo.App.1980); *Gaslight Real Estate Corp. v. Labor and Industrial Relations Commission, supra; State ex rel. Chemical Dynamics, Inc. v. Luten,* 581 S.W.2d 921, 923 (Mo.App.1979); *Randles v. Schaffner, supra; State ex rel Callahan v. Hess,* 153 S.W.2d 713, 715, 348 Mo. 388 (Mo.1941).

As a result of the Circuit Court's lack of jurisdiction, the order granting leave to file an amended petition and all subsequent proceedings are void. The order of May 10 is affirmed for the reasons stated herein.

GAERTNER, P.J., and SMITH, J., concur.