**CITY OF WEBSTER GROVES,
Missouri, Respondent,**

v.

**Bruce Woodruff KURT, Appellant.**

No. 57210.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1990.

Rehearing Denied Aug. 29, 1990.

Bruce Woodruff Kurt, St. Louis, pro se.

Thomas L. Caradonna, St. Louis, for respondent.

CRIST, Judge.

Appellant, Bruce Kurt, appeals his municipal traffic violation convictions following a trial de novo in associate circuit court. The appeal as to Count III, "failing to display valid Missouri state license plates by reason of expired" is dismissed. The judgments as to Counts I and II are affirmed.

Appellant was found guilty on both Counts I (the parking ticket) and II (one of the expired license charges) after a trial in the Municipal Court of Webster Groves. He was ordered to pay a total of $84 in fines and costs. Appellant timely requested a trial de novo in the St. Louis County Circuit Court. The records of Counts I and II were properly transferred to the circuit court.

The municipal judge for the city then ordered Count III (the then untried expired plate charge) to be transferred to the circuit court as well. A circuit judge then ordered the circuit clerk to open a file including Count III.

Trial was held in associate circuit court. Appellant was found guilty of all three charges. He was fined a total of $25. Undaunted, appellant pursued this appeal.

Appellant argues the municipal court judge had no right to transfer Count III to the circuit court because no trial was held at the municipal level. Therefore the trial court had no jurisdiction. We agree.

The city has presented no authority showing wherefore and how the municipal court could have transferred Count III. No statute or supreme court rule provides for such a transfer when a municipal judge is provided. *See* § 479.040, RSMo 1986.

The circuit court generally lacks original jurisdiction over municipal ordinance violations. *City of Mexico v. Merline*, 596 S.W.2d 475, 476 [1] (Mo.App. 1980). A trial de novo essentially provides a defendant with a second chance to a trial. Here, appellant was entitled to a first chance to a trial in municipal court. *State ex rel Waters v. Teel*, 723 S.W.2d 892, 894 (Mo.App.1987).

With reference to defendant's assertions of error as to Counts I and II, the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value. Rule 84.16(b).

The appeal as to Count III is dismissed. The judgments as to Counts I and II are affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.