**CITY OF JACKSON, Respondent,**

v.

**Joshua J. SOUTHARD, Appellant.**

No. 63823.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 18, 1994.

Thomas A. Ludwig, Buerkle, Beeson & Ludwig, Jackson, for respondent.

Albert C. Lowes, Lowes & Drusch, Cape Girardeau, for appellant.

SIMON, Presiding Judge.

Appellant, Joshua J. Southard, appeals his convictions for speeding and failure to yield to an emergency vehicle in violation of §§ 17–100.205 and 19–205 of the Jackson City Code. He was convicted in the associate division of the Circuit Court of Cape Girardeau County and fined $25.00 on each offense.

On appeal, appellant essentially claims the trial court erred in entering judgment of conviction against him because: (1) the trial court lacked jurisdiction over the subject matter since its jurisdiction over municipal ordinance violations is derivative only on de novo appeal from a municipal court judgment and no sentence or finding of guilt was had in the municipal court; and (2) all of the evidence obtained against defendant was the result of an unauthorized arrest because police officers of fourth class cities such as Jackson have no authority to arrest outside the limits of such city and appellant's arrest occurred outside the city limits. We reverse and remand with instructions.

The case was submitted to the trial court on stipulated facts establishing that on March 4, 1992, appellant drove in the City of Jackson at the speed of 67 miles per hour in an area where the posted speed limit was 40 miles per hour. Officer Richard Neace observed the vehicle driven by appellant and gave chase, activated his red lights and audible siren, and followed appellant's vehicle outside the city limits of Jackson at speeds between 65 and 70 miles per hour before appellant's vehicle stopped. Appellant eventually stopped his vehicle and a deputy sheriff of the Cape Girardeau County Sheriff's Office was called to transport appellant back to the city limits of Jackson. Except for Officer Neace following appellant out of town and then obtaining his name and other information, Officer Neace would not have known appellant's identity. The record reflects that Officer Neace issued complaints and summonses (tickets) charging appellant with speeding and failing to yield to an emergency vehicle, returnable to the municipal division of the Circuit Court of Cape Girardeau County.

Appellant's first point is essentially that the trial court erred in entering judgment of conviction because the court lacked jurisdiction over the subject matter since the Circuit Court does not have original jurisdiction over municipal ordinance violations, but only derivative jurisdiction for **de novo** review of a municipal court judgment and here no sentence was imposed by the municipal court nor does it appear that a trial was had nor a finding as to guilt made.

■ Generally the Circuit Court lacks original jurisdiction over municipal ordinance violations. *City of Webster Groves v. Kurt,* 797 S.W.2d 494 (Mo.App.1990). A trial **de novo** essentially provides a defendant with a second trial. *Id.* A trial **de novo** requires that a person be aggrieved by a judgment. *State v. Pepper,* 686 S.W.2d 53, 55[3] (Mo. App.1985).

Here, the record does not reflect that any judgment or conviction was rendered in the municipal court. The City of Jackson does not dispute the fact that no municipal court

judgment was rendered. The City argues, however, essentially that it was appellant who filed the application for trial **de novo** which stated that judgment had been rendered against him in the municipal court, and he should not be allowed to take advantage of an error of his own making.

Jurisdiction, however, deals with the right, power and authority of the court to act. *State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 293[4] (Mo.App.1984). The parties, by their actions or agreements, cannot confer subject matter jurisdiction upon a court where it does not otherwise exist. *Id.,* at 293–94. The only power a court without subject matter jurisdiction possesses is the power to dismiss the action. *Wells v. Noldon,* 679 S.W.2d 889, 891[5–8] (Mo.App.1984). Any actions or proceedings of a court without subject matter jurisdiction are null and void. *Id.* Lack of subject matter jurisdiction may be raised at any time during the proceedings. *Id.*

Here, no judgment was rendered on these informations (tickets) in the municipal court, therefore **de novo** review cannot be granted. Thus, the circuit court was without jurisdiction to enter a judgment against appellant. As such, appellant's convictions must be reversed and the cause remanded with directions to the trial court to dismiss appellant's application for trial **de novo.**

Since appellant's first point is dispositive of his appeal, we shall not address his second point.

Reversed and remanded with directions.

PUDLOWSKI and KAROHL, JJ., concur.