**Craig HEINLE, Plaintiff/Respondent,**

v.

**K & R EXPRESS SYSTEMS, INC., Defendant/Appellant.**

No. 68880.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1996.

Robert G. Wuller, Jr., Belleville, IL, for appellant.

Daniel R. Devereaux, Devereaux, Murphy, Striller & Brickley, L.L.C., St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Defendant/appellant, K & R Express Systems, Inc. ("employer"), appeals from the judgment of the Circuit Court of the City of St. Louis awarding plaintiff/respondent, Craig Heinle ("plaintiff"), $75,000 in damages for injuries plaintiff sustained while working for employer. As the Workers' Compensation Law, RSMo §§ 287.010 *et seq.*,[1] provided plaintiff's exclusive means for relief, we vacate the circuit court's judgment for lack of subject matter jurisdiction and remand for dismissal.

On July 2, 1993, plaintiff injured his back at work. On July 13, plaintiff filed a claim for compensation against employer in the Division of Workers' Compensation ("the Division"). No answer to this claim was filed by employer.

On March 25, 1994, plaintiff filed a petition in circuit court. The petition alleged the following:

5. That on or about July 2, 1993, Defendant K & R was the employer of Plaintiff Craig Heinle and was subject to ... The Workers' Compensation Law.

6. That Defendant K & R had not been authorized by the Division ... to carry the whole or any part of its liability under the chapter by itself without insurance.

7. That notwithstanding such failure to seek or qualify as a self-insurer, Defendant K & R failed to provide or procure a policy of insurance to insure its liability under the chapter with some insurance carrier authorized to insure such liability as required by [RSMo §] 287.280.

8. That due to the failure of Defendant K & R to obtain coverage in accordance with the Missouri Revised Statutes pertaining to Workers' Compensation and failure to become self-insured as provided in the foregoing paragraph seven, Defendant is strictly liable for Plaintiff's injuries as hereinafter set out.

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

On April 8, 1994, this petition was served on employer.

On May 2, 1994, employer filed a letter written by James P. Halloran, employer's human resource manager, with the circuit court. The letter stated plaintiff's claim was currently being arbitrated in the Division, employer had insurance coverage at the time of plaintiff's injury, and proof of this coverage had been forwarded to plaintiff. A copy of the insurance policy was attached to the letter. The court was requested to dismiss plaintiff's civil suit so the claim could be resolved before the Division.

On October 19, 1994, the circuit court granted plaintiff an interlocutory order of default and inquiry against employer. On December 15, 1994, employer's counsel filed an entry of appearance. On February 15, 1995, employer's workers' compensation carrier, the Fidelity and Casualty Company of New York ("insurer"), filed an answer to plaintiff's compensation claim in the Division. On February 21, 1995, employer filed a motion to set aside the circuit court's interlocutory order of default, alleging it had insurance during the relevant period and its failure to file a responsive pleading was "wholly unintentional."

On February 22, 1995, plaintiff's claim for damages was tried to the circuit court. The court denied employer's motion to set aside its October 19, 1994, interlocutory order of default, stating, ". . . [employer] showed me what I believe is a meritorious defense, but failed to show good cause for their [sic] failure to file an answer within the time allowed by law." The matter went on the issue of plaintiff's damages. Plaintiff testified to his injury and his resultant lost wages and medical expenses, and asked for damages in the amount of $75,000. Employer moved for a directed verdict. The court took the matter of damages under submission.

On March 3, 1995, employer filed an amended motion to set aside the interlocutory order of default, incorporating its original motion to set aside and further alleging, *inter alia*, the Labor and Industrial Relations Commission ("the Commission") had exclusive jurisdiction over plaintiff's claim and therefore the circuit court had no juris-

diction to act. Attached to the motion was a copy of employer's insurance policy and a copy of insurer's February 15, 1995, answer to plaintiff's claim in the Division. Also attached were affidavits of Halloran, employer's human resource manager, and of Judy Dupy, a senior adjuster with insurer's adjusting company. Halloran stated in his affidavit that employer received no notice from the Division of plaintiff's compensation claim, possibly because the zip code listed for employer on the claim was incorrect; employer was first notified of the claim when plaintiff's counsel told Halloran of it during a telephone conversation subsequent to the April 8, 1994, service of plaintiff's petition upon employer; and, Halloran immediately informed plaintiff's counsel that employer did have insurance. Dupy stated in her affidavit that insurer never received notice of plaintiff's compensation claim from the Division; insurer first received notice of the claim by means of correspondence from employer's counsel on January 10, 1995; insurer subsequently filed an answer in the Division on February 15, 1995; and, she had informed plaintiff's counsel in May of 1994 that employer did have insurance coverage at the time of plaintiff's injury.

On May 10, 1995, the circuit court granted employer's amended motion to set aside the interlocutory order of default. The court's order noted the documents attached to the amended motion indicated plaintiff's counsel was notified by telephone in April 1994 and by letter in May 1994 that employer had compensation insurance, and therefore, employer had shown "a meritorious defense, i.e., insurance coverage, because plaintiff knew one year ago of such coverage which bars the present case, and because the appropriate remedy would have been to seek a default judgment before the Division." The court further stated plaintiff's exclusive remedy was through workers' compensation proceedings.

On May 31, 1995, plaintiff filed a motion to reconsider, alleging that while employer may have shown a meritorious defense, it failed to show good cause for not filing an answer—the other required element for setting aside default judgments under Rule 74.05(d). A

hearing on plaintiff's motion to reconsider was set for June 21, but employer's counsel failed to attend.[2] On June 28, the circuit court issued an order and judgment granting plaintiff's motion to reconsider; setting aside its May 10, 1995, order setting aside its October 19, 1994, interlocutory order of default; and reinstating the order of default. The court found the effect of the October 19, 1994, order of default was to admit all the allegations in plaintiff's petition asserting employer's liability, including employer's lack of workers' compensation insurance, "the prerequisite for the Court's jurisdiction,...." The court further found employer failed to show good cause for failing to file an answer and displayed an ongoing pattern of delay and recklessness designed to impede the judicial process, as employer

> did not timely file an answer in the workers' compensation proceeding, did not file an answer in this cause, did not appear for the hearing on the interlocutory judgment of default, did not file its motion to set aside the interlocutory judgment until four months after entry of said judgment, did not provide evidence of its defense until the time it filed its motion, and did not appear at the hearing on the motion for reconsideration.

The court deemed the damages asked for by plaintiff to be reasonable and supported by the evidence, and entered a final judgment of default for $75,000 in favor of plaintiff and against employer. The court reiterated this judgment on August 1, 1995, after holding another hearing at employer's request. Employer appeals.

For its first point on appeal, employer claims the circuit court erred in entering the default judgment, because it lacked subject matter jurisdiction over plaintiff's personal injury claim. We agree. As this point is dispositive, we need not address employer's other points.

■ Jurisdiction concerns the right, power and authority of a court to act. *City of Jackson v. Southard*, 869 S.W.2d 280, 282 (Mo.App.E.D.1994). The parties cannot confer subject matter jurisdiction upon a court

by their actions or agreements, where such jurisdiction does not otherwise exist. *Id.* The only power the court has when its lacks subject matter jurisdiction is to dismiss the action; · any other actions or proceedings of the court are null and void. *Id.* The court's lack of subject matter jurisdiction can be raised at any time during the proceedings. *Id.*

■ With respect to workplace injuries, it is well-settled that the rights and remedies granted to employees under the Workers' Compensation Law are exclusive and preclude all common law remedies. RSMo § 287.120; *State ex rel. J.E. Jones Const. v. Sanders*, 875 S.W.2d 154, 156 (Mo.App.E.D. 1994). RSMo § 287.280.1 provides an exception to this rule: if the employer fails to maintain compensation insurance and does not qualify as a self-insurer, the injured employee may elect to file an action in circuit court. *Brookman v. Henry Transp.*, 886 S.W.2d 213, 215 (Mo.App.E.D.1994). If the employer is insured, however, the Workers' Compensation Law applies and the circuit court lacks subject matter jurisdiction, in which case the court must dismiss the employee's civil action without prejudice. *Parmer v. Bean*, 636 S.W.2d 691, 695–696 (Mo.App.E.D.1982).

■ Here, it was undisputed by the parties, and acknowledged by the circuit court in its May 10, 1995, order, that employer was insured at all times relevant to this case. Therefore, exclusive jurisdiction was in the Division, the court lacked subject matter jurisdiction over plaintiff's action, and its final judgment of $75,000 in favor of plaintiff was null and void. We accordingly vacate the judgment and remand for dismissal of plaintiff's action without prejudice.

■ It is true that a party against whom an interlocutory judgment of default is entered is deemed to have admitted all allegations in the petition asserting that party's liability. *Courtin v. McGraw Const. Co.*, 639 S.W.2d 286, 288 (Mo.App.E.D.1982). In its June 28 and August 1, 1995, judgments, the circuit court found that employer, by means of the October 19, 1994, interlocutory order

2. Employer filed an objection to plaintiff's motion to reconsider on June 22, 1995, claiming it

was unaware of the hearing due to a staff clerical error.

of default, admitted it was ·uninsured at the time of plaintiff's injury and therefore admitted the court had jurisdiction over plaintiff's claim. However, the court had set aside this interlocutory order of default and any admissions therein by means of its May 10, 1995, order, and found employer did have workers' compensation insurance at the time of plaintiff's injury. The uncontested evidence before the court supported this finding. The court had no subject matter jurisdiction over plaintiff's claim, and the only action it could take thereafter was to dismiss plaintiff's action.

The circuit court's frustration with employer's failure to timely respond to plaintiff's claim was understandable; employer was aware of plaintiff's claim since at least April of 1994, yet never filed an answer. However, the question here was not one of meritorious defense or of good cause, but whether the court had the power to hear the particular cause of action. The record before us shows employer was insured at the time of plaintiff's injury. The Division therefore had original and exclusive jurisdiction over plaintiff's claim. Accordingly, we must vacate the judgment.

The judgment is vacated and cause remanded for dismissal for lack of subject matter jurisdiction.

SMITH, P.J., and RHODES RUSSELL, J., concur.