Darryl Kenneth SCHNEIDLER,
Respondent,

v.

FEEDER'S GRAIN AND SUPPLY,
INC. and Miller's Mutual Insurance
Association of Illinois, Appellants.

No. ED 75167.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Feb. 1, 2000.

Mark R. Bates, St. Louis, for appellants.

James D. Beck, Troy, for respondent.

MARY RHODES RUSSELL, Chief Judge.

Feeder's Grain & Supply, Inc. ("employer") and Miller's Mutual Insurance Association of Illinois ("insurer") appeal from the entry of summary judgment in favor of Darryl Schneidler ("employee"). The judgment ordered employer and insurer to pay employee $30,852.00 for the cost of a new prosthesis pursuant to the terms of a workers' compensation settlement, which provided employer to pay all future medical expenses of employee related to the injury. On appeal, employer and insurer challenge the jurisdiction of the trial court in enforcing a judgment from a settlement in the Division of Workers' Compensation ("division"). They also argue summary judgment was improper because material facts were in dispute. We affirm.

Employee was injured while working for employer on September 16, 1993. The damage from the accident caused his right arm to be amputated below the elbow. Employee filed a claim with the division against employer and insurer.

During the pendancy of the claim, employee received a prosthesis that was paid for by employer and insurer. Eleven months later, employee visited NovaCare to have a prosthetic evaluation, where it was determined that a new prosthesis would enhance the ability of his limb over his current prosthesis. Employee had selected NovaCare without the approval of employer or insurer. NovaCare sent a letter to employer and insurer detailing future plans for a new prosthesis and attempting to gain authorization for its payment. Employee never received an approval or denial from employer or insurer in response to NovaCare's letter.

The parties thereafter entered into a Stipulation For Compromise Settlement ("agreement"), approved by an administrative law judge. The agreement included a hand-written statement: "Employer & insurer shall pay for and reimburse claimant for all future medical expenses, prosthetic expenses & prosthetic care incurred by claimant which arises out of 9–16–93 injury." The agreement did not contain language requiring employer and insurer to approve any physicians, prosthetic specialist, or future treatment prior to reimbursing employee.

Employee received his new prosthesis approximately four days after the agreement was final. NovaCare sent a second

letter to employer and insurer, who continued to fail to pay for or reimburse employee for the new prosthesis. Employee filed a motion to enforce the agreement in the circuit court. The trial court entered a judgment incorporating all of the terms of the agreement. Thereafter, employee filed a Request for Garnishment to collect $30,832.00 for the cost of the new prosthesis pursuant to the judgment. Employer and insurer filed a Motion to Quash Garnishment, which was denied after a hearing. A second Request for Garnishment was filed and discovery was conducted. Employee then filed a Motion for Summary Judgment. After a hearing, the trial court granted employee's motion, and this appeal followed.

■ In their first point, employer and insurer argue the trial court lacked jurisdiction because this issue lies exclusively within the Workers' Compensation Division.

■ Jurisdiction concerns the right, power and authority of a court to act. *Heinle v. K & R Express Systems, Inc.,* 923 S.W.2d 461, 464 (Mo.App.1996). Parties cannot confer subject matter jurisdiction upon a court by their actions or agreements, where such jurisdiction does not otherwise exist. *Id.* The only power the court has when it lacks subject matter jurisdiction is to dismiss the action; any other actions or proceedings of the court are null and void. *Id.* The court's lack of subject matter jurisdiction can be raised at any time during the proceedings. *Id.*

Section 287.500 RSMo 1994[1] provides in pertinent part:

> Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission ... whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in

relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court.

Under the plain meaning of the statute, the trial court is authorized to enter a judgment on an approved workers' compensation settlement as if it was an original judgment of the court. Therefore, the trial court herein possessed the authority to enter a judgment in accordance with the agreement.

■ Our analysis, however, does not conclude here. We must decide whether the judgment entered by the trial court was enforceable through a garnishment proceeding.

■ To be enforceable by execution, a money judgment must specify with certainty the amount for which it is rendered, or if the amount is not stated, it must be ascertainable from the record. *Javier v. Javier,* 955 S.W.2d 224, 226 (Mo.App.1997); *Gardner v. Gardner,* 830 S.W.2d 559, 562 (Mo.App.1992). As a general rule, a judgment must be definite and certain to be enforceable in a garnishment proceeding. *Stelzer v. Stelzer,* 871 S.W.2d 468, 469 (Mo. App.1994). However, if a judgment lacks pristine specificity, but it can be made certain by a motion and hearing to determine the exact amounts due by ministerial computation or evidence, the judgment upon being reduced to certainty, is sufficiently certain and definite so as to be enforceable. *Gardner,* 830 S.W.2d at 562.

At the hearing on the Motion to Quash Garnishment, employee introduced two letters sent by NovaCare to insurer. One, dated June 5, 1996, was sent prior to the agreement. The other letter was dated March 26, 1997, which was sent after the agreement and after the prosthesis was fitted on employee. Both letters explained the medical necessity for a new prosthesis and contained a specific amount to be paid,

1. All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

namely $30,852.00. As a specific amount was clearly ascertainable from the evidence at the hearing, the judgment was enforceable through a garnishment proceeding. Point I denied.

In their second point, employer and insurer argue the trial court erred in granting employee's Motion for Summary Judgment in that material facts were in dispute as to whether or not employer and insurer had waived their right to direct and control medical treatment.

Review of a grant of summary judgment is essentially *de novo*. *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is designed to permit the trial court to enter judgment where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*

In their argument, employer and insurer rely on section 287.140, which gives employers the right to select physicians for their injured employees. Section 287.140.10. Employers, however, may waive this right by refusing to provide necessary medical care for employees, and thus be liable for medical expenses the employees incur on their own. *Herring v. Yellow Freight System, Inc.*, 914 S.W.2d 816, 821–22 (Mo.App.1995).

Employer's and insurer's reliance on section 287.140 is misplaced. When employee, employer, and insurer entered into a compromise settlement which was approved by an administrative law judge, the jurisdiction of the division was exhausted, and the matter was at an end so far as the division was concerned. *Shockley v. Laclede Elec. Co-op.*, 825 S.W.2d 44, 47 (Mo.App.1992); *Mosier v. St. Joseph Lead Co.*, 205 S.W.2d 227, 232 (Mo.App. 1947).

Because the division no longer had jurisdiction, the dictates of section 287.140 do not control enforcement of the compromise settlement. Therefore, we interpret the agreement using the rules that govern the construction and interpretation of contracts generally. *See Ayotte v. Pillsbury Co.*, 871 S.W.2d 139, 142 (Mo.App.1994).

Construction of written contracts is a question of law. *Anchor Centre Partners v. Mercantile Bank*, 803 S.W.2d 23, 32 (Mo. banc 1991). Where a contract is unambiguous, the intent of the parties is determined from the contract alone. *Simul Vision Cable v. Continental Cablevision*, 983 S.W.2d 600, 604 (Mo.App.1999). We are bound to enforce a contract as written if its terms are unequivocal, plain, and clear, and there is no showing the contract was procured by fraud, duress, or undue influence. *Monsanto Co. v. Gould Electronics, Inc.*, 965 S.W.2d 314, 316 (Mo. App.1998).

The provision of the agreement regarding future medical treatment, hand-written by employer's attorney, states: "Employer & Insurer shall pay for and reimburse claimant for all future medical expenses, prosthetic expenses & prosthetic care incurred by claimant which arises out of 9–16–93 injury." There is no language in this provision or elsewhere in the agreement stating that employee must obtain employer's and insurer's approval before they are obligated to pay for the expenses. Rather, the provision declares, in mandatory language, that employer and insurer are liable for all of employee's future medical and prosthetic expenses arising from the relevant injury.

As the terms of the agreement are unequivocal, plain, and clear, the trial court did not err in granting employee's Motion for Summary Judgment. Point II denied.

Employee's Motion for Summary Judgment was properly granted. The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, J., and RICHARD B. TEITELMAN, J., concur.