**Rebecca DERBY, Appellant,**

v.

**JACKSON COUNTY, Missouri, Circuit Court, Respondent.**

**No. WD 63259.**

Missouri Court of Appeals, Western District.

July 13, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2004.

John W. Stapleton, Jr., Kansas City, MO, for Appellant.

Kathleen Kedigh, Jackson County Counselor's Office, Kansas City, MO, for Respondent.

Before LOWENSTEIN, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Rebecca Derby appeals from the order of the Labor and Industrial Relations Commission (Commission) dismissing, for a lack of jurisdiction, her "APPLICATION FOR REVIEW" of the written "STIPU-LATION FOR COMPROMISE SETTLE-MENT," executed by the appellant and the respondent, Jackson County, Missouri, concerning her claim for workers' compensation benefits. In dismissing her application, the Commission found that the parties' settlement agreement, as approved by the Administrative Law Judge (ALJ), finally and completely settled the appellant's claim against the respondent and was not an award of Workers' Compensation benefits subject to review by the Commission.

In her sole point on appeal, the appellant claims that the Commission erred in dismissing, for a lack of jurisdiction, her application for review because the ALJ's approval of the parties' settlement agreement, concerning the appellant's Workers' Compensation claim, constituted an award of benefits that was reviewable by the Commission in accordance with § 287.495.[1]

We affirm.

## Facts

On August 31, 1995, the appellant was injured in an accident while working for the respondent as a process server. She was attacked by a large dog, which resulted in a tear to the anterior cruciate ligament (ACL) in her left knee. Subsequently, while recovering from the ACL tear suffered in the attack, she fell, resulting in a tear of the lateral ligaments in her left ankle.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated. Section 287.495.1 provides, in pertinent part, that: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court."

Following the accident, the appellant timely filed a workers' compensation claim seeking benefits for her injuries caused by the accident. Sometime thereafter, the parties entered into negotiations concerning a settlement of her claim. On July 26, 2001, the parties executed an agreement, entitled "STIPULATION FOR COMPROMISE SETTLEMENT," whereby the respondent, in exchange for its release from any further liability for the appellant's injuries, agreed to pay her a one-time lump sum payment of $21,831.77. In addition, because the appellant was morbidly obese, thereby eliminating surgery at the time as a viable option, the respondent agreed to provide her with braces indefinitely, or, if she became a surgical candidate within two years of the settlement, to cover "the reasonable & customary charges for surgery to resolve the ACL tear to [appellant's] left knee and the torn lateral ligaments of her left ankle." As to the intended effect of their agreement, the parties agreed that:

THE EMPLOYEE UNDERSTANDS: by entering into this settlement, except as provided by Section 287.140.8 RSMo., the EMPLOYER is forever closing out this claim under the Missouri Workers' Compensation Law; that EMPLOYEE will receive no further compensation or medical aid by reason of this accident/disease; that EMPLOYEE has the right to a hearing of the EMPLOYEE'S claim, which may result in EMPLOYEE receiving more money or less money than is provided by this settlement; that *EMPLOYER/INSURER and/or SECOND INJURY FUND is/are released from all liability for this accident/disease upon approval by the Administrative Law Judge.*

On the same date of the execution of the agreement, it was approved by the ALJ.

On July 1, 2003, the appellant filed a "MOTION FOR ENLARGEMENT OF TIME TO OBTAIN NECESSARY MEDICAL TREATMENT." In her motion, which was dismissed by the ALJ, she sought to extend the agreed-upon two-year period for becoming a surgical candidate. On July 24, 2003, the appellant filed with the Commission her application for review, seeking review of the ALJ's order of July 26, 2001, approving the parties' settlement agreement. On August 21, 2003, the Commission dismissed her application, based on a lack of jurisdiction, finding that the parties' settlement agreement of July 26, 2001, finally and completely settled the appellant's claim against the respondent and was not an award of Workers' Compensation benefits subject to review by the Commission.

This appeal followed.

**I.**

■ In her sole point on appeal, the appellant claims that the Commission erred in dismissing, for a lack of jurisdiction, her application for review because the ALJ's approval of the parties' settlement agreement concerning the appellant's Workers' Compensation claim constituted an award of benefits that was reviewable by the Commission in accordance with § 287.495. The respondent contends that the Commission acted correctly in dismissing the appellant's application for review for a lack of jurisdiction because the parties' settlement agreement and the ALJ's order approving it did not constitute an award of Workers' Compensation benefits that was subject to review by the Commission, citing *Shockley v. Laclede Elec. Co-op.*, 825 S.W.2d 44 (Mo.App.1992). We agree.

■ The appellant concedes in her brief that she entered into a written settlement agreement on July 26, 2001, with the

respondent, which was approved on the same day by the ALJ. Settlement agreements as to workers' compensation claims are authorized by § 287.390.1,[2] and once approved are not subject to review by the Commission. *Shockley,* 825 S.W.2d at 47. "When a settlement is approved, the jurisdiction of the Commission is exhausted, and the matter is at an end so far as the Commission is concerned." *Id.* (citations omitted).

Despite conceding the fact that she had entered into a settlement agreement with the respondent, she contends that the agreement and the order approving it were subject to review by the Commission as an award of benefits. She contends that the settlement agreement was subject to review because it did not resolve the entire dispute between the parties such that her claim for benefits was left open for final determination by the ALJ, which determination would be subject to review by the Commission as an award of benefits. In other words, she contends that because the settlement agreement was left open, it was not a settlement agreement encompassed by § 287.390.1, and therefore, the ALJ had jurisdiction to finally determine her claim, which determination the Commission had jurisdiction to review.

In support of her contention that her claim, after the parties' settlement agreement was executed, was left open for future determination by the ALJ, the appellant argues that the agreement did not resolve the issue of future medical treatment for her left knee and left ankle in that it provided that the respondent was to pay the reasonable and customary charges for surgery to resolve the ACL tear to the appellant's left knee and the tear to the lateral ligaments of her left ankle, "if" she became a surgical candidate within two years of July 26, 2001. The appellant was not an immediate candidate for surgery at the time of the settlement due to her being morbidly obese. When the appellant did not, within the two-year period, lose the weight necessary for her to have surgery on her knee and ankle, she sought an extension from the ALJ. The ALJ denied the extension, finding that the parties' settlement agreement of July 26, 2001, had finally and completely disposed of her claim against the respondent.

With respect to future medical treatment for her left knee and ankle, the parties' settlement agreement provides, in pertinent part:

> If claimant becomes a surgical candidate within 2(two) years from the date of this stipulation, employer will pay reasonable & customary charges for surgery by a doctor of claimant's choice to resolve the ACL tear to claimant's knee and the torn lateral ligaments of her left ankle.

Giving the language of the parties' settlement agreement its plain and ordinary meaning, *see Mansion Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 638 (Mo.App.2001) (stating that courts, when interpreting a written agreement, must give the language used its ordinary meaning unless it plainly appears that a technical meaning was intended), it

---

**2.** Section 287.390.1 provides that: "Nothing in this chapter shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission, nor shall an administrative law judge or the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death."

is clear that the parties, by the provision in question, intended to finally and completely resolve the appellant's claim and that as a part of the settlement, she was entitled to have surgery done on her knee and ankle, at the respondent's expense, *provided* she became a surgical candidate within two years of the signing of the agreement. In other words, "if" indicates that the surgery on the appellant's left knee and ankle was conditional on her becoming a surgical candidate within two years. *See Baxley v. Jarred,* 91 S.W.3d 192, 198 (Mo.App.2002) (stating that the term "if" signifies a condition precedent). There is nothing in the parties' settlement agreement to suggest, as the appellant contends, that the parties intended that the ALJ would review the issue of future medical treatment for the appellant at the end of the two-year period and finally decide the appellant's claim.

Based on the foregoing, it is clear that the parties entered into a settlement agreement that resolved the appellant's entire claim against the respondent for Workers' Compensation benefits, as provided in § 287.390.1. And, because the Commission lacks jurisdiction to review a settlement agreement reached in accordance with § 287.390.1, *Shockley,* 825 S.W.2d at 47, the Commission was correct in dismissing the appellant's application for review for a lack of jurisdiction.

## Conclusion

The Commission's order dismissing the appellant's application for review is affirmed.

LOWENSTEIN, P.J., and HOWARD, J., concur.