Lisa MEINCZINGER,
Claimant/Appellant,

v.

HARRAH'S CASINO,
Employer/Respondent.

No. ED 97415.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 12, 2012.

Kenneth A. Leeds, St. Louis, MO, for appellant.

Margaret Mary Hecht, Roberts Perryman, P.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

In this workers' compensation case, claimant, Lisa Meinczinger, appeals from the final award of the Labor and Industrial Relations Commission (Commission), which affirmed the award of the Administrative Law Judge (ALJ) in a separate opinion denying compensation. We affirm. The Commission did not err in denying claimant's claim for compensation for lack of jurisdiction because the claim sought benefits for an injury that flowed as a natural consequence of an earlier workplace injury that had been settled in a stipulation for settlement approved by an ALJ.

Claimant was employed as a slot attendant by Harrah's Casino (employer) beginning in 2001. On August 12, 2002, claimant tripped over a manhole cover at her place of employment and injured her left knee. Claimant was terminated in 2003. On October 31, 2003, claimant filed a claim for the August 12, 2002 injury to her left lower extremity and left knee, which was assigned Injury Number 02–115229.

On July 16, 2008, claimant filed another claim for compensation, which was assigned Injury Number 07–133762. She reported that she injured her right knee and left hip in August 2007. She indicated that the injury occurred in the following manner: "While in the course and scope of her employment, Claimant fell over a raised manhole sustaining injuries to her left lower extremity, left knee. Because of the injury to her left knee Claimant compensated by placing stress on her right knee and left hip causing injury to same." She reported that the accident took place at employer's place of business.

On October 29, 2008, claimant, employer, and insurer entered into a Stipulation for Compromise Settlement for the 2002 injury. The stipulation listed the amounts paid by employer and insurer and the disputes between the parties. It recited:

7. That because of the dispute(s) it is agreed by the parties to enter into a compromise lump sum settlement under Section 287.390 RSMo as amended for the payment of a lump sum of .......... $ *27,206.00* This settlement is based upon approximate disability of *50 %* of *left knee*

The stipulation provided that claimant understood that she "is forever closing out this claim under the Missouri Workers' Compensation Law; that [claimant] will receive no further compensation or medical aid by reason of this accident/disease;" and that employer is "released from all liability for this accident/disease upon approval by the Administrative Law Judge." The settlement was signed and approved by the ALJ on October 29, 2008.

On May 5, 2009, claimant filed an amended claim for compensation for the August 2007 injury to her right knee and left hip. She reported that she received that injury at a physical therapy center while receiving physical therapy for a work-related injury to her left knee.

Thereafter, the ALJ held a hearing on the 2007 injury to determine "whether the Missouri Division of Workers' Compensation [had] jurisdiction over the alleged claim." At the hearing, the parties submitted exhibits, including claimant's deposition, and the ALJ heard counsels' arguments. Claimant's counsel indicated that claimant sustained the 2007 injury in the course of her physical therapy treatment for the 2002 injury, and claimant so testified in her deposition. The ALJ subsequently issued an award and decision denying benefits for the 2007 injury. In her

rulings of law, the ALJ concluded that she had jurisdiction over the 2008 claim, but denied benefits because claimant was not employed by employer and was not in the course and scope of her employment during August 2007 when the injury occurred. The ALJ further concluded that claimant's August 2007 injury flowed from claimant's August 12, 2002 work-related injury, which was settled in October 2008, and that the Division no longer had jurisdiction over the 2002 injury or settlement.

On review, the Commission entered a Final Award Denying Compensation that affirmed the award and decision of the ALJ, but it issued a separate opinion denying compensation. The Commission found that claimant filed her original claim for compensation for the right knee and left hip injuries while her claim for the left knee remained open, and that claimant had conceded that her theory of recovery was based on the argument that the 2007 injury flowed as a natural consequence of the 2002 injury. It concluded that claimant's August 2007 injury arose out of and in the course of her employment from 2002; that the primary injury occurred in 2002; that claimant should have filed an amended claim for compensation in her 2002 injury; that claimant had the opportunity to amend her claim for her 2002 injury because it was still open in August 2007, which was when claimant alleged that she injured her right knee and left hip; that claimant instead filed a separate claim for an injury that was only compensable by relating back to the 2002 injury; and that she fully settled her 2002 injury without accounting for her 2007 injury in this settlement. The Commission denied the claim because "it is based on an injury that flowed as a natural consequence of the 2002 injury, which was settled on October 29, 2008." It concluded:

> 'When a settlement is approved, the jurisdiction of the Commission is exhausted, and the matter is at an end so far as the Commission is concerned.' *Derby v. Jackson County, Missouri, Circuit Court*, 141 S.W.3d 413, 416 (Mo.App. 2004). We do not have jurisdiction over the 2002 injury because it was settled. We have no authority to award additional benefits for a claim over which we have no jurisdiction. Therefore, we deny [claimant's] claim for benefits.

## DISCUSSION

In her sole point on appeal, claimant asserts that the Commission erred as a matter of law when it denied her claim for benefits for lack of jurisdiction because even though claimant settled her claim for her 2002 injury while her claim for her 2007 injury was still pending, the settlement of her claim for her 2002 injury did not destroy the Commission's jurisdiction over her claim for her 2007 injury. We disagree. The Commission lost jurisdiction over the 2002 injury and all injuries flowing as a natural consequence of the 2002 injury, because the parties entered into a settlement agreement approved by an ALJ that closed out all claims stemming from the 2002 injury.

■ When a workers' compensation claim is appealed, we review questions of law *de novo* without deference to the Commission's judgment. *Endicott v. Display Technologies, Inc.*, 77 S.W.3d 612, 615 (Mo. banc 2002); *Pierson v. Treasurer of State*, 126 S.W.3d 386, 387 (Mo. banc 2004).

■ The settlement agreement for claimant's workers' compensation claim for her 2002 injury was authorized by section 287.390.1 RSMo (2000).[1] *Derby v. Jackson*

---

1. This section was amended in 2005, but we apply the statute in effect at the time of a claimant's injury. *See Anderson v. Veracity Research Co.*, 299 S.W.3d 720, 725 (Mo.App. 2009).

*County,* 141 S.W.3d 413, 416 (Mo.App. 2004); *Shockley v. Laclede Elec. Co-op.,* 825 S.W.2d 44, 47 (Mo.App.1992). When a settlement agreement is approved by an ALJ, it is no longer subject to review by the Commission. *Derby,* 141 S.W.3d at 416; *Schneidler v. Feeder's Grain and Supply,* 24 S.W.3d 739, 742 (Mo.App.2000); *Shockley,* 825 S.W.2d at 47. "The order approving a final workers' compensation settlement is conclusive and irrevocable." *Burger v. Bridgestone/Firestone, Inc.,* 902 S.W.2d 308, 311 (Mo.App.1995); *see also Mosier v. St. Joseph Lead Co.,* 205 S.W.2d 227, 232 (Mo.App.1947). An approved settlement agreement exhausts the jurisdiction of the Commission, and "the matter is at an end so far as the Commission is concerned." *Derby,* 141 S.W.3d at 416 (quoting *Shockley,* 825 S.W.2d at 47); *Schneidler,* 24 S.W.3d at 742. This is because section 287.390 "contemplates the settlement of the entire claim and the discharge of the employer's entire liability, and not the splitting up of the claim into component parts, some of which are settled and released, and the others left to be adjudicated by the Commission." *Shockley,* 825 S.W.2d at 49 (quoting *Mosier,* 205 S.W.2d at 233).

In *Shockley,* the claimant filed a workers' compensation claim in 1989 for a 1986 injury. The claimant had made a previous workers' compensation claim for that injury that was settled by a written agreement and approved by an ALJ. The claimant's 1989 claim was based on the fact that the settlement failed to provide for future prosthetic devices. We held that "the settlement of June 8, 1987, approved by the administrative law judge, was a settlement of Shockley's entire claim and a discharge of the employer's entire liability, including

any liability for prostheses expenses." 825 S.W.2d at 49.[2]

Claimant's August 2007 injury was sustained during physical therapy for the 2002 left knee injury. "Injuries sustained during authorized medical treatment of a prior compensable injury are the natural and probable consequence of the compensable injury...." *Lahue v. Missouri State Treas.,* 820 S.W.2d 561, 563 (Mo.App.1991). When the ALJ approved the parties' stipulation for settlement of the 2002 injury in 2008, the Commission lost jurisdiction over the 2002 injury and all injuries flowing from it, including the 2007 injury sustained during physical therapy for the 2002 injury. As a result, the Commission did not err in concluding that it did not have jurisdiction over claimant's claim seeking benefits for the 2007 injury that flowed from the 2002 injury. Point one is denied.

*Conclusion*

The award of the Commission is affirmed.

LAWRENCE E. MOONEY, J., concurs.

KENNETH M. ROMINES, J., dissents.

KENNETH M. ROMINES, J.

I dissent. The majority accurately states the facts in this case. I depart with the application of the Law.

It seems to me that this is an unique situation in that there is no case with the same specific facts on which to rely. Reliance should not be placed on cases such as *Shockley v. Laclede Electric Co-op.,* 825 S.W.2d 44 (Mo.App.1992) as the facts do not control the present situation.

**2.** After *Shockley,* the legislature enacted an exception that allows for reactivation of claims after settlement limited to the payment of medical procedures involving life-threatening surgical procedures or the replacement of an existing prosthetic device. Section 287.140.8. This exception is not relevant here.

Simply put, Ms. Meinczinger got injured in therapy. A claim was filed, which claim was filed *prior* to the entering of the settlement agreement. *All parties* were aware of the second claim prior to the settlement. On these facts I find no statutory provision which would compel a loss of jurisdiction in the Administrative Law Judge, or the Commission.

Because of the literal words of Rule 83.03 I cannot certify that this opinion is contrary to any previous decision of an appellate court of this state, as I do not find a case on point, or I would request transfer.