**1010 ST. CHARLES UNIT 1002 LLC, Respondent,**

v.

**KEMPER INVESTORS LIFE INSURANCE COMPANY, Appellant.**

**No. ED 97382.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 20, 2013.

J. Richard McEachern, St. Louis, MO, for appellant.

Kevin Sullivan, St. Louis, MO, Paul Francis Devine, Maryland Heights, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Kemper Investors Life Insurance Co. ("Kemper Life") appeals from the judgment of the trial court awarding 1010 St. Charles Unit 1002 LLC ("1010 St. Charles") attorneys' fees when it set aside the default judgment against Kemper Life. Because this is not a final judgment, we dismiss.

On June 14, 2004, 1010 St. Charles filed a lawsuit against Tenth Street Lofts Condominium Association ("Condo Association") seeking damages to its condominium unit. Condo Association filed a third party petition on April 20, 2006, seeking declaratory judgment that insurance policies between Condo Association and third party defendants include a duty for third party defendants to accept liability coverage on that matter and declaring the legal rights and obligations of Condo Association and certain third party defendants under the insurance policies. The caption of the third party petition included Kemper Life as one of the third party defendants, but the body of the petition did not make any allegations against Kemper Life, but rather against the Kemper Insurance Company ("Kemper Insurance"). Kemper Life did not file a responsive pleading or any motion to dismiss.

On February 14, 2008, the trial court entered a consent judgment for $55,000 in favor of 1010 St. Charles against Condo Association. The trial court also entered a default judgment in favor of Condo Association against Kemper Life based on the service of process on Kemper Life as a third party defendant and on the pleadings and the evidence, which included an affidavit of the president of the Condo Association.

Twenty-one months passed. On December 2, 2009, counsel for Kemper Life entered a limited appearance in the matter seeking to set aside the default judgment of February 14, 2008. One month later, on January 5, 2010, counsel for Kemper Life filed a motion, subsequently amended, to set aside the default judgment. The trial court entered its order and judgment on May 23, 2011, granting Kemper Life's motion to set aside pursuant to Rule 74.06(b), but ordered Kemper Life to pay some of 1010 St. Charles's attorneys' fees and

costs. On June 22, 2011, Kemper Life filed its own motion to amend the judgment to eliminate any award of attorneys' fees. The trial court heard arguments on August 5, 2011 and on September 9, 2011.

On September 13, 2011, the trial court issued an amended order and judgment. It concluded that the applicable rule for Kemper Life's motion to set aside was Rule 74.06(b), It found that the matter was not an issue of "misnomer," wherein Condo Association merely named the proper defendant incorrectly but still brought suit against the party that it intended to sue; rather this was a situation where the petition incorrectly named the third party defendant, which resulted in a summons being served on the incorrect party. It concluded that because Kemper Life was incorrectly named as a third party defendant that it would be inequitable to permit the default judgment against it to be enforced, a situation encompassed by Rule 74.06(b).[1] The trial court went on to find that the default judgment was not a void judgment, but was voidable in that the trial court had jurisdiction over the subject matter and the parties, and it had acted in a manner consistent with due process. The trial court further concluded that even if the default judgment was not voidable, Rule 74.06(b)(5) provided authority to the trial court to relieve Kemper Life from enforcement of that judgment,

> because clearly it is not equitable that the judgment remain in force where [Kemper Life] has clearly shown that [Condo Association] intended to sue an entirely separate and distinct and unre-

lated corporate entity, Kemper Insurance [ ]; and that the only way the judgment came to be entered against [Kemper Life] was because of the mistake of [Condo Association] in incorrectly naming [Kemper Life] as a Defendant in the caption of its petition, and the further mistake of [Condo Association] in submitting to the Court erroneous affidavits purporting to show that [Kemper Life] had issued a property damage insurance policy to [Condo Association], when that policy was issued by a corporate entity unrelated to [Kemper Life].

The trial court ordered Kemper Life to pay some of 1010 St. Charles's reasonable attorneys' fees related to the prosecution of the lawsuit against Kemper Life. It found that Kemper Life contributed to the entry of the default judgment against it where it was properly served with a summons and failed to respond. It noted that Rule 74.06(b) provides that the trial court may relieve a party from a judgment on "such terms as are just[.]" It ordered Kemper Life to pay 1010 St. Charles's attorneys' fees and expenses "incurred with regard to this case after the entry of the default judgment as submitted in the amended affidavit that was presented to the Court at the hearing on September 9, 2011. It denied Kemper Life's motion for an award of its reasonable attorneys' fees. The trial court did not specifically set forth the amount of attorneys' fees that it awarded to 1010 St. Charles, and it did not attach the affidavit at issue to the amended judgment or specifically incorporate it by reference.

---

1. Rule 74.06(b) provides that:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresenta- tion, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment re- main in force.

Kemper Life now appeals from this judgment.

In its sole point relied on Kemper Life claims in essence that the trial court erred in awarding any attorneys' fees to 1010 St. Charles because no rationale, legal or equitable, justifies such an award where Kemper Life was wrongfully sued for the breach of an insurance policy that it did not, and legally could not, issue.

This Court has a duty to determine sua sponte whether it has jurisdiction. *State ex rel. Missouri Highway and Transportation Commission v. Westgrove Corp.*, 306 S.W.3d 618, 622 (Mo.App.2010). If this Court lacks jurisdiction to consider an appeal, it must be dismissed. *Id.* Appellate courts have jurisdiction only over final judgments that dispose of all issues and parties in the case and leave nothing for future determination. *Id.*

In the present case, the trial court awarded some attorneys' fees to 1010 St. Charles. However, it did not set forth the specific amount of such fees. In general, the law requires that for a money judgment to be enforceable, it must be definite and certain. *American Western Bonding Co., Inc. v. United Surety Agents, Inc.*, 134 S.W.3d 700, 705 (Mo.App.2004) (quoting *Krane v. Krane*, 912 S.W.2d 473, 475 (Mo. banc 1995)). The Missouri Supreme Court has relaxed the requirement of definiteness and certainty, but only in the context of dissolution orders and decrees and child support awards. *Krane*, 912 S.W.2d at 475.

In the present case, the trial court in its amended judgment did not order Kemper Life to pay a specific amount of attorneys' fees that was definite and certain. Rather it ordered Kemper life to pay 1010 St. Charles's reasonable attorneys' fees and expenses "incurred in the prosecution of this action against [Kemper Life] from the date of the entry of the default judgment until now, in accordance with the amended affidavit submitted by [1010 St. Charles] at the September 9, 2011 hearing." The trial court did not attach the affidavit or the separate exhibits that were in turn attached to the affidavit. It did not specifically incorporate by reference the affidavit and the exhibits attached thereto. We note in addition that the amended judgment orders Kemper Life to pay the attorneys' fees and expenses from the date of the entry of the default judgment "until now," that is until September 13, 2011, the date of the amended judgment, and that the affidavit at issue did not include attorneys' fees or expenses related to the hearing on September 9, 2011. The amount is not sufficiently ascertainable from the record. *See Schneidler v. Feeder's Grain and Supply, Inc.*, 24 S.W.3d 739, 741–42 (Mo.App.2000). The amended judgment of September 13, 2011 does not dispose of all issues and parties, and has left a matter for future determination. It is not a final judgment, and this Court lacks jurisdiction over the appeal and must dismiss it.[2]

The appeal is dismissed.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.

---

2. We note that a money judgment that is not sufficiently definite and certain to constitute a final judgment for purposes of appeal would also be insufficient to enforce such a money judgment by execution. *See Schneidler,* 24 S.W.3d at 741.